**Christy Calvert COLLINS, Appellant,**

v.

**Thomas MOROCH, Appellee.**

**No. 05–09–00811–CV.**

Court of Appeals of Texas, Dallas.

March 8, 2011.

Rehearing Overruled June 7, 2011.

Paula J. Gaus, Dallas, TX, for Appellant.

Christopher M. Weil, Weil & Petrocchi, P.C., for Appellee.

Luke Gunnstaks, Ashlie Thomas Vieira, Law Office of C. Luke Gunnstaks, Dallas, for Intervenor.

Before Justices MORRIS, FRANCIS, and MURPHY.

## OPINION

Opinion By Justice FRANCIS.

Christy Calvert Collins appeals the trial court's judgment denying her post-judgment suit for enforcement. In five issues, Collins claims the trial court erred by granting Thomas Moroch's rule 306a motion; awarding attorney's fees to Collins's former attorney, Luke Gunnstaks; finding the personal property provisions of the divorce decree ambiguous and unenforceable; and failing to award Collins damages and attorney's fees on her post-judgment claims. We affirm.

Collins and Moroch were divorced January 15, 2003. At the time of the divorce, the only community property was the residence where the couple and their children had lived. The final divorce decree granted Collins's claim for economic contribution and awarded Collins the residence.

Moroch filed an appeal (appellate cause number 05–03–00492–CV) and, when this Court affirmed the trial court's judgment, he filed a petition for review in the supreme court. In February 2006, the supreme court denied his petition; two months later, Moroch's motion for rehearing was also denied.

In November 2006, Collins filed a post-judgment enforcement action. Moroch filed a general denial. Gunnstaks, who represented Collins during her divorce and assisted with the appeal, was owed over $20,000. When he received a $2000 check from Collins with the notation "final payment," Gunnstaks crossed out the word "final," cashed the check, and filed a motion to withdraw from representing Collins. He then filed an intervention, seeking his attorney's fees. Collins's motion to strike Gunnstaks's intervention was denied as was her motion for partial summary judgment on Gunnstaks's intervention.

When Moroch failed to appear for an April 2008 trial setting, the trial court granted default judgment in favor of Collins. The default judgment, signed May 6, 2008, ordered Moroch to pay Gunnstaks's claim for attorney's fees. On August 4, 2008, Moroch filed an emergency rule 306a motion alleging he had no notice or knowledge of the hearing or of the default judgment. That same day, the trial court granted the emergency motion and determined Moroch had actual notice or knowledge of the default judgment on July 9, 2008. Moroch then filed a timely motion to set aside the default judgment, which was granted September 19, 2008. Following a May 4, 2009 nonjury trial, the trial court denied Collins's claims and ordered her to pay Gunnstaks's claim for attorney's fees. Collins did not request and the trial court did not make findings of fact and conclusions of law. This appeal followed.

■ In her first issue, Collins contends the trial court erred by granting Moroch's rule 306a motion because Moroch had actual notice of the trial date but did not appear. Likewise, she claims Moroch was not entitled to relief under rule 306a because he had notice of the default judgment before it was signed.

We question whether Collins may challenge the granting of the rule 306a motion. Collins did not file an objection or a response to the motion in the trial court. Collins did not appear at the hearing on the motion, and the record does not contain a motion for continuance. At the hearing on the rule 306a motion, both Moroch and Gunnstaks said Collins conceded Moroch had not received proper notice and had agreed, at least in part, to the granting of the rule 306a motion. Moroch had a draft order, reviewed and interlineated by Collins. The only issue Collins did not concede or agree to was the date Moroch received actual notice or knowledge of the default judgment. Following the order granting Moroch's 306a motion, Collins did not file a motion to reconsider or otherwise indicate any objection to the order. Finally, Collins agreed to the granting of the motion for new trial. Under these circumstances, we conclude Collins has waived the right to complain about the granting of the rule 306a motion. We overrule Collins's first issue.

■ In her second issue, Collins claims the trial court erred by allowing Gunnstaks to intervene because he was not a proper party. She also contends the trial court erred by awarding him $55,400 in attorney's fees because she did not contract with Gunnstaks for appellate representation, his services were not valuable to her, and Gunnstaks's acceptance of her $2000 check with the notation "final payment" constituted accord and satisfaction of any claims.

■ A non-party successfully intervenes in a case if he files a plea in intervention prior to the entry of judgment and the court does not strike the plea on the motion of a party. *Malone v. Hampton,* 182 S.W.3d 465, 468 (Tex.App.-Dallas 2006, no pet.). An intervenor is not required to secure the court's permission to intervene, and the party who opposed the intervention has the burden to challenge it by filing a motion to strike. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex.1990) (op. on reh'g). A person or entity has a right to intervene if "the intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof." *Id.* A trial court abuses its discretion by striking an intervention if (1) the intervenor meets the above test, (2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Id.*

The record shows Gunnstaks represented Collins during her divorce. Collins signed a contract for his legal services, agreeing to pay for those services. The divorce was granted by the trial court on January 15, 2003. Moroch filed his appeal in April 2003. Gunnstaks remained on the case until he withdrew in January 2005. Although Gunnstaks's contract with Collins stated it did not include appellate representation and Collins had hired appellate counsel, the record shows Gunnstaks continued to work on and assist with the appeal with Collins's knowledge and approval. Nothing in the record shows Collins asked Gunnstaks to withdraw or stop assisting on the appeal. Because Collins was seeking damages from Moroch and Moroch had been ordered previously to

pay Collins's attorney's fees, the trial court could have reasonably concluded Gunnstaks's intervention would not complicate the case and was essential to effectively protect Gunnstaks's interests. We cannot conclude the trial court abused its discretion by denying the motion to strike the intervention.

Collins also argues the trial court erred in awarding Gunnstaks's attorney's fees, raising the defense of accord and satisfaction or, alternatively, asserting there was no breach of contract, sworn account, or quantum meruit.

■ With respect to her arguments on sworn account and breach of contract, Collins offers no legal analysis and cites no legal authority in support of her contentions. Texas Rule of Appellate Procedure 38 provides that a brief to this Court shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX.R.APP. P. 38.1. Because Collins failed to cite any authority or provide any analysis under these two arguments, we conclude they are inadequately briefed, and we decline to address them. *See* TEX.R.APP. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied).

■ Next, Collins claims she established her affirmative defense of accord and satisfaction. She argues Gunnstaks accepted the $2000 check as complete payment of her account even though he crossed out the word "final" and cashed the check.

■ Accord and satisfaction exists when the parties agree to discharge "an existing obligation in a manner other than in accordance with the terms of their original contract." *Avary v. Bank of Am.,* N.A.,* 72 S.W.3d 779, 788 (Tex.App.-Dallas 2002, pet. denied). The defense involves a new contract, either express or implied, in which the existing obligation is released by agreement of the parties through "means of [a] lesser payment tendered and accepted." *Richardson v. Allstate Tex. Lloyd's,* 235 S.W.3d 863, 865 (Tex.App.-Dallas 2007, no pet.) (supp. op. on reh'g). Evidence offered in support of the defense must demonstrate *"both parties agreed* the amount paid by the debtor to the creditor fully satisfied the entire claim." *Id.; see Avary,* 72 S.W.3d at 788. Because a valid accord and satisfaction depends upon an agreement, it only occurs when the parties "mutually assent to it," and the parties' intention is a controlling element. *McCarty v. Humphrey,* 261 S.W. 1015, 1016 (Tex. Comm'n App.1924, judgm't adopted).

Collins claims she established accord and satisfaction because she thought Gunnstaks, by cashing the check, was agreeing to it being a final payment. With the check, Collins sent a letter indicating she did not intend to pay the balance of her account. She concluded the letter, "If you have an objection to this payment, I will be more than happy to meet you in a fee dispute. Otherwise, I will assume that our professional relationship is terminated."

In response, Gunnstaks sent Collins a letter informing her that, in light of her letter, he was filing a motion to withdraw as counsel. In addition, he said he had coordinated and cooperated with her appellate counsel during the appeal, the bill for his services included services rendered during the divorce as well as new services rendered during the appeal, and he had been committed to her case and remained as attorney of record without any payment during the appeal process. Gunnstaks noted there was no "legitimate reason for [his] patience to be rewarded with the

approximate 90% discount of [his] remaining bill." He reminded Collins he had taken every opportunity to reduce his billable costs to her and that he had offered to withdraw on several occasions but remained on the case because her appellate counsel told him Collins wanted him to do so.

After reviewing the record, we conclude Collins failed to show the parties agreed the existing balance of her account with Gunnstaks would be released by a "lesser payment tendered and accepted." Collins's letter, which stated she would be "more than happy to meet [Gunnstaks] in a fee dispute," as well as Gunnstaks's response, clearly indicate the parties had no agreement that the $2000 check paid by Collins would fully satisfy the entire claim. We reject Collins's accord and satisfaction argument.

■ Under her quantum meruit argument, Collins claims the trial court erred in awarding Gunnstaks's fees because she established by affidavit that she did not need Gunnstaks's services and did not perceive his services as valuable. She testified at trial she had no money to pay him because she lost $370,000 in bad investments and had a large mortgage on her house. The record also shows that, although Collins hired another attorney as appellate counsel in cause number 05–03–00492–CV, Gunnstaks remained on the case, assisting appellate counsel with the first appeal, at least one mandamus filed in this Court, and oral argument in this Court. This Court affirmed the trial court's judgment and the supreme court denied Moroch's petition for review. Appellate counsel stated she relied on Gunnstaks to assist her with the history of the case and to review documents, briefs, and motions as well as to help with filing certain documents in the trial court. Along with the $2000 check in "final payment,"

Collins sent Gunnstaks a letter that indicates she was aware Gunnstaks was assisting with the appeal. Finally, the record shows she had no objection to Gunnstaks's being awarded attorney's fees as long as Moroch was ordered to pay the fees. The trial court was the fact finder in this case. From this record, the trial court could have concluded Gunnstaks performed valuable services for Collins despite Collins's affidavit to the contrary. We overrule Collins's second issue.

■ In her third issue, Collins claims the trial court erred in finding the personal property provisions of the divorce decree ambiguous and unenforceable. We have reviewed the record, and nothing in the record indicates the trial court made such a finding. The trial court's May 4, 2009 judgment makes no reference to whether the personal property provisions of the divorce decree were ambiguous or enforceable. Collins did not file a request for findings of fact or conclusions of law, and the trial court did not make any findings or state any conclusions. Because nothing in the record support's Collins's claim, we conclude Collins's third issue lacks merit.

■ In her fourth issue, Collins contends the trial court erred by failing to award her $394,832.74 in damages, specifically the decrease in property value, property taxes, and the real estate commission for the sale of the residence. The majority of Collins's three-page discussion under this issue focuses on the facts of the previous appeal and has no bearing on the issue she now raises. The only paragraph dedicated to the issue before this Court states:

It defies reason that an Appellant would believe that he could tie up a piece of real property valued at least $1,500,000.00 plus for thirty-five months and there would be no negative effect on

him. The effect of the appeal on [Collins] was to deny her $394,832.74 in depreciated value, taxes and real estate commissions, at least. The issue should not be whether or not damages should be awarded, but how much [Collins] can show herself entitled to. [Collins] has shown herself entitled to at least $394,832.74.

Collins cites no standard of review or authority for her claims, nor does she provide any legal analysis. Although a trial court may render a money judgment for damages caused when "a party fails to comply with a decree of divorce" and the "delivery of property awarded in the decree is no longer an adequate remedy," Collins does not discuss Chapter 9 of the family code or how it applies to her claim. *See* TEX. FAM.CODE ANN. § 9.010(a). By failing to cite any authority or provide legal analysis, we conclude this issue is inadequately briefed. *See* TEX.R.APP. P. 38.1; *McIntyre*, 50 S.W.3d at 682. We overrule Collins's fourth issue.

■ In her fifth issue, Collins claims the trial court erred by failing to award her attorney's fees. It is not clear whether Collins is challenging the trial court's failure to award attorney's fees when it granted Moroch's motion for new trial or when it denied Collins's request for enforcement.

■ We review a trial court's decision to award or deny attorney's fees under an abuse of discretion standard. *See* TEX. FAM.CODE ANN. § 9.014 (court may, in its discretion, award attorney fees in proceeding to enforce divorce decree); *Dir., State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 n. 3 (Tex.1994) (offer to pay expenses of default judgment important factor but not dispositive of whether motion should be granted).

To the extent Collins complains the trial court abused its discretion in failing to award her attorney's fees when it granted Moroch's motion for new trial, that order states it is granted "pursuant to the agreements as stipulated on the record." The record from the motion for new trial hearing does not contain an offer from Moroch to pay attorney's fees or costs incurred in connection with the default judgment, nor does it contain any agreement between the parties regarding attorney's fees. Collins has not shown the trial court abused its discretion by failing to award attorney's fees when it granted the motion for new trial.

■ If Collins complains the trial court should have granted her attorney's fees when it denied her enforcement action, she cites no authority in support of her argument nor does she direct this Court to evidence in the record establishing a clear abuse of discretion. Under these circumstances, we cannot conclude the trial court abused its discretion by ordering Moroch and Collins each to pay his or her own attorney's fees. *See Cook v. Cameron*, 733 S.W.2d 137, 141 (Tex.1987) (op. on reh'g). We overrule Collins's final issue.

We affirm the trial court's judgment.