In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-25-00063-CV

**IN RE EDMUND H. "BEAU" PRICE II, JON D. PRICE, UP TIEMPO, LLC, AND T.P. RANCH, L.P.**

_____

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-209743**

_____

**MEMORANDUM OPINION**

Relators Edmund H. "Beau" Price II, Jon D. Price, Up Tiempo, LLC, and T.P. Ranch, L.P. seek mandamus relief from the trial court's order granting a motion for new trial filed by Real Party in Interest Kaye Thompson Griffin, Individually and in her capacity as Trustee of The Choice M. Thompson Trust and Choice M. Thompson Family Trust ("Griffin"). Relators argue Griffin filed her motion for new trial thirty-one days after the trial court signed the final judgment in the case, that the motion for new trial did not extend the trial court's plenary power over the judgment from thirty to seventy-five days, and that the trial court lacked plenary power over the

1

judgment when it granted Griffin's motion for new trial. We conditionally grant mandamus relief.

## Background

In 2022, the Prices, in their capacity as alleged contingent beneficiaries of two trusts, sued Griffin in her capacity as guarantor and primary beneficiary of the trusts, for breach of fiduciary duty and for an accounting of the principal and income of the Trusts. Additionally, in the Plaintiffs' Original Petition, Up Tiempo, LLC sued Griffin and co-defendant Ann T. McMakin for breach of contract as personal guarantors of a promissory note secured by a deed of trust that had been assigned to Up Tiempo, LLC, and for foreclosure of its lien and security interests.

The trial court removed Griffin as Trustee in 2023. A successor trustee withdrew in September 2024. In September 2024, the trial court granted the motion to withdraw filed by Griffin's and McMakin's lawyer.

In October 2024, T.P. Ranch, L.P., as assignee of the note and deed of trust lien through a December 2023 assignment executed by Up Tiempo, LLC, filed an amended motion for summary judgment against Griffin, in her capacity as guarantor and primary beneficiary of the Trusts, on the note and for an order authorizing T.P. Ranch, L.P. to proceed with a foreclosure sale of all of the real property in the Trust.

On December 3, 2024, the trial court signed a summary judgment for all amounts owed under the Deed of Trust as of October 2, 2024, plus attorney's fees,

2

and prejudgment interest. The trial court decreed that T.P. Ranch, L.P. has a valid Deed of Trust Lien against certain real property and that T.P. Ranch, L.P. is authorized to proceed with foreclosure. The trial court denied all other requested relief by any of the parties and dismissed all other claims with prejudice. The judgment stated, "This is a final judgment and is appealable."

On January 3, 2025, Griffin filed a combined motion to set aside the judgment and motion for new trial. Griffin alleged that she was not represented by counsel when T.P. Ranch, L.P. filed the motion for summary judgment, that she advised the court coordinator that she required additional time to obtain counsel and that she was advised that the summary judgment hearing would be continued until January 6, 2025. Griffin alleged that she was unaware that the hearing went forward without her presence or representation. Griffin alleged she met with her new attorney on December 5, 2024, to discuss representation as she had no knowledge that a judgment had been entered. Griffin stated that "[a]lthough the Judgment was signed on December 3, 2024, it was not filed of record until December 4, 2024. As such, the Court has plenary power to grant Defendant's request." The motion was supported by Griffin's affidavit, dated January 3, 2025, which included a statement that "The Judgment was brought to my attention when the office of Jason M. Byrd searched the online docket to get the exact date the hearing has been reset and saw the Judgment had been signed and entered."

3

On January 29, 2025, the trial court signed an order granting the motion to set aside judgment and granting a new trial.

Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. "Mandamus is proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). This balancing test is necessarily a fact-specific inquiry that "resists

4

categorization[.]" *Prudential*, 148 S.W.3d at 136. A relator has no adequate remedy at law when the trial court sets aside a judgment after its plenary power expired. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding).

Plenary Power to Set Aside the Judgment

In her combined motion to set aside the judgment and motion for new trial, Griffin argued that the trial court had the plenary power to set aside the judgment because the judgment was signed on December 3, 2024, but it was not entered until December 4, 2024. For purposes of determining whether the motion was timely filed, however, "the date of signing (not the date of entry)" of the final judgment controls. *In re Barber*, 982 S.W.2d 364, 367 (Tex. 1998) (orig. proceeding). Griffin filed her motion thirty-one days after the trial court signed the final judgment.

The trial court's plenary power to grant a new trial or to vacate or modify a judgment runs for thirty days after the judgment is signed or all timely-filed motions for new trial and motions to modify the judgment are overruled by written order or by operation of law. Tex. R. Civ. P. 329b(d), (e). Griffin did not file her motion within thirty days of the date on which the trial court signed the judgment. Unless the effective date of the judgment runs from another date, the trial court's plenary power expired January 2, 2025.

Rule 306a requires the clerk of the court to immediately send the judgment or order to the parties. *See* Tex. R. Civ. P. 306a(3). If a party adversely affected by the

judgment or other appealable order has neither received the clerk's notice nor acquired actual knowledge of the order, all periods will begin on the first date that the party or her attorney received notice or acquired actual knowledge of the signing. *See* Tex. R. Civ. P. 306a(4). Rule 306a provides the exclusive method for establishing the date of notice or actual knowledge. *See id.*

A party who did not have notice or knowledge of a judgment or order may within 30 days from the date she acquired notice or knowledge of the signing of the judgment invoke the trial court's plenary jurisdiction by proving in the trial court, on sworn motion and notice, the date on which the party or her attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. *See* Tex. R. Civ. P. 306a(5). "Unless a party establishes in the manner prescribed by the rule that he had no notice or knowledge of the judgment, the general rule prevails: a trial court's power to reinstate a cause after dismissal expires thirty days after the order of dismissal is signed." *Memorial Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987).

Griffin's combined motion to set aside judgment and motion for new trial fails to comply with Rule 306a(5). The motion does not ask the trial court to extend the deadline for filing a motion for new trial. It fails to state an actual date when Griffin or her lawyer received notice or actual knowledge of the judgment. Griffin's

supporting affidavit does not mention the date that she received notice of the judgment. There is no record of a hearing in which Griffin provided evidence to prove the date on which she or her lawyer first received notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

The trial court's order does not contain a date on which Griffin or her attorney received notice of the judgment. Relators concede that the date may be implied, provided the record contains evidence to support the implied finding. *See In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex. 2006). They argue the date cannot be implied in this case because the record contains no evidence to support an implied finding. We agree with Relators.

Griffin relies upon her affidavit, which she attached to her motion, and in which she states that she met with her lawyer on December 5, 2024, but only learned of the judgment when her new lawyer performed an online search. According to Griffin, the judgment was brought to her attention when someone at her new lawyer's office searched the online docket to get the exact date for the new hearing and that is when the attorney saw a judgment had been signed and entered. The new lawyer filed the combined motion to set aside judgment and motion for new trial on January 3, 2025. In her response to Relators' mandamus petition, Griffin argues that because the hearing on her combined motion to set aside the judgment and motion

7

for new trial was not recorded, and the trial court granted the motion, we must assume that her attorney acquired knowledge of the judgment on the same date that he filed the motion for new trial. We disagree.

Unless excused by agreement of the parties, the court reporter has a duty to attend full court sessions and make a full record of the proceedings. *See* Tex. R. App. P. 13.1(a). Here, there is no evidence that the parties waived the presence of a court reporter at the hearing on the motion for new trial. When no reporter's record is made at an evidentiary hearing, we indulge no presumptions in support of the trial court's ruling. *See State Farm Cnty. Mut. Ins. Co. of Tex. v. Diaz-Moore*, No. 04-15-00766-CV, 2016 Tex. App. LEXIS 11534, at *8 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.) (restricted appeal).

Griffin argues Relators waived their right to challenge the trial court's order granting the new trial because Relators neither filed a response to Griffin's motion nor requested reconsideration of the order granting a new trial. The case she cites as authority, *Collins v. Moroch*, is not a mandamus proceeding but an appeal that followed a bench trial held after the trial court set aside a default judgment pursuant to a Rule 306a motion. 339 S.W.3d 159, 162 (Tex. App.—Dallas 2011, pet. denied). The appellate court did not address whether the Rule 306a order and the subsequent judgment were void because they were signed after the trial court's plenary power over the default judgment expired. *Id.* So, *Collins* does not apply here.

Conclusion

We conclude that Griffin's combined motion to set aside the judgment and motion for new trial did not extend the trial court's plenary power. Rule 306a specifies that the party seeking to set aside a judgment must prove "the date on which the *party or his attorney* first either received a notice of the judgment or acquired actual knowledge of the signing[.]" Tex. R. Civ. P. 306a(5) (emphasis added). The party seeking a new trial under Rule 306a must present evidence establishing the date or dates on which the party and the party's counsel first received notice or acquired actual knowledge of the judgment. *See In re Lynd Co.*, 195 S.W.3d at 685 (the procedural timetables and the trial court's plenary power run from the date the trial court's final judgment is signed unless a party complies with the requirements of Rule 306a, including the requirement that the party file a sworn motion establishing the date the party or its counsel first learned of the judgment); *In re Jamea*, No. 14-10-00228-CV, 2010 Tex. App. LEXIS 5995, **14-15 (Tex. App.— Houston [14th Dist.] July 29, 2010, orig. proceeding) (mem. op.) (the sworn motion under Rule 306a(5) must show lack of notice or actual knowledge within twenty days as to both the party and the party's counsel to make a prima facie showing of lack of timely notice under Rule 306a(4)). Unless the movant in the sworn motion makes a prima facie showing of the dates upon which the movant and the movant's attorney first either received notice of the judgment or acquired actual knowledge of

its signing, the trial court's plenary power is not reinvoked, and the trial court is without jurisdiction to conduct a hearing under Rule 306a(5). *Jarrell v. Bergdorf*, 580 S.W.3d 463, 468 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *In re Lynd Co.*, 195 S.W.3d at 685; *In re Jamea*, 2010 Tex. App. LEXIS 5995, at **14-15). There is no evidence in the record to support an implied ruling that Griffin or her attorney first obtained notice or actual knowledge of the judgment on a date that is more than twenty days but less than ninety days after the date of the judgment. We conclude the trial court abused its discretion and Relators lack an adequate remedy by appeal. We are confident that the trial court will vacate its order of January 29, 2025. The writ shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on April 2, 2025
Opinion Delivered June 19, 2025

Before Johnson, Wright and Chambers, JJ.