NO. 07-12-00104-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 25, 2012

_____

IN THE INTEREST OF P.L.S., A CHILD

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B36473-0902; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants, Bobby and Tammie Shuping, filed a notice of appeal with the clerk of the trial court on March 9, 2012, seeking to appeal the trial court's December 22, 2011 Order Denying Petition for Termination. Because appellant's notice of appeal was untimely filed, it did not invoke this Court's jurisdiction, and we will dismiss the appeal.

An appeal of a suit in which termination of a parent-child relationship is in issue shall be accelerated by the appellate courts, and the procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to the appeal. Tex. Fam. Code Ann. § 109.002(a) (West Supp. 2011). Absent a motion for extension of time, "in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed." Tex. R. App. P. 26.1(b). Further, the Texas Supreme

Court has held that, "in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline." In re K.A.F., 160 S.W.3d 923, 927 (Tex. 2005).

After the trial court entered its December 22, 2011 Order, appellants filed a request for findings of fact and conclusions of law on December 28, 2011. The trial court entered Findings of Fact and Conclusions of Law on January 4, 2012. Appellants then filed Notice of Appeal with the clerk of the trial court on March 9, 2012. No motion for extension of time to file notice of appeal was filed. See TEX. R. APP. P. 26.3. Since appellants' request for findings of fact and conclusions of law did not extend the deadline for filing notice of appeal, see In re K.A.F., 160 S.W.3d at 928, appellants' notice of appeal was due to be filed on or before January 11, 2012.

On March 19, 2012, this Court notified appellants that a review of the clerk's record in this case revealed that appellants' notice of appeal was untimely filed. That correspondence directed appellants to show cause, within 20 days, that this Court has jurisdiction over this appeal and why this appeal should not be dismissed for want of jurisdiction.

In response, by letter dated March 21, 2012, appellants informed the Court that they did not receive actual notice of the judgment until February 28, 2012. By this letter, appellants contended that, pursuant to Texas Rule of Appellate Procedure 4.2(a)(1), the period of time in which to file notice of appeal did not begin to run until appellants

received actual notice of the signing of the judgment on February 28, 2012, and, therefore, their March 9 notice of appeal was timely filed.

In response to appellants' March 21 letter, this Court notified appellants, by correspondence dated March 23, that the procedure for obtaining additional time under Rule 4.2 is governed by Texas Rule of Civil Procedure 306a(5). TEX. R. APP. P. 4.2(b). Rule 306a(5) provides that application of the rule extending time is invoked by the filing of a sworn motion with the trial court during the period of its plenary power over the judgment, measured from the date the movant establishes he or his counsel first learned of the judgment. See TEX. R. CIV. P. 306a(5); In re J.D.O., No. 07-10-0370-CV, 2010 Tex.App. LEXIS 9625, at *4 (Tex.App.—Amarillo Dec. 6, 2010) (order) (per curiam) (citing In re Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding)). The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. In re Lynd Co., 195 S.W.3d at 685. After the trial court hears this motion, the trial court is required to sign a written order that finds the date when the party first received notice or acquired actual knowledge that the judgment or order was signed. TEX. R. APP. P. 4.2(c). Because the clerk's record did not contain the trial court's Rule 4.2(c) order, we afforded appellants the opportunity to have a supplemental clerk's record prepared containing the trial court's order by April 12, 2012.

To date, this Court has received no supplemental clerk's record containing an order of the trial court finding the date when appellants or their counsel first received notice or acquired knowledge of the judgment. See id. As such, appellants' March 9, 2012 Notice of Appeal was not timely filed, and failed to invoke this Court's jurisdiction to determine the merits of the appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). Consequently, we dismiss the appeal for want of jurisdiction. See TEX. R. APP. P. 42.3(a).

Mackey K. Hancock
Justice