**In re THE LYND COMPANY, Relator.**

No. 05–0432.

Supreme Court of Texas.

June 9, 2006.

Rochel Lemler-Clark, Lemler & Associates, P.C., San Antonio, for The Lynd Company.

Kirk L. Pittard, F. Leighton Durham III, Durham & Pittard, L.L.P., Dallas, Roy D. Quillian III, Law Offices of Roy D. Quillian III, P.C., San Antonio, for John Adrian Anthony.

Chief Justice JEFFERSON delivered the opinion of the Court.

In this mandamus action, we consider whether a court may imply the date on which a complaining party received late notice of judgment from an order granting a motion to extend post-judgment deadlines pursuant to Texas Rule of Civil Procedure 306a. Rule 306a allows for extensions of post-judgment deadlines when a party first receives notice of a judgment more than twenty, but less than ninety-one, days after it is signed. TEX. R. CIV. P. 306a(4). Relator The Lynd Company (Lynd) seeks a writ of mandamus that (1) compels the court of appeals to vacate its order directing the trial court to withdraw its order granting new trial and (2) directs the trial court to vacate its February 28,

2005 order withdrawing the order granting new trial. Because we hold that the record supports implied notice,[1] the trial court had jurisdiction to grant Lynd's motion for new trial pursuant to Rule 306a; therefore, the court of appeals abused its discretion in ordering the trial court to vacate that order. Accordingly, we conditionally grant Lynd's petition for writ of mandamus.

John Adrian Anthony sued Lynd for injuries he sustained when he fell from the second story of an apartment complex Lynd managed. Lynd filed an answer. On November 21, 2003, the trial court granted Anthony's motion for sanctions and ordered Lynd to pay $80,000 for its failure to respond to Anthony's request for disclosures. Five months later, Anthony filed a Motion for Entry of Final Judgment. After a hearing, which Lynd did not attend, the court signed an order entitled "Final Default Judgment" on May 18, 2004.

Lynd claims it first became aware of the default judgment when a sheriff's deputy arrived at its offices on August 4, 2004 to seize assets to satisfy the judgment. On August 27, 2004, Lynd filed a motion to set aside the default judgment and a motion for new trial. Pursuant to Texas Rule of Civil Procedure 306a(4), Lynd sought to invoke the trial court's otherwise-expired plenary power to grant the motions. The rule provides:

If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received ... notice ... nor acquired actual knowledge of the order, then with respect to that party [the period of the trial court's plenary power and the time for filing certain post-judgment motions] shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4); *see also Mem. Hosp. of Galveston Cty. v. Gillis,* 741 S.W.2d 364, 365 (Tex.1987). Absent an extension of post-judgment deadlines under Rule 306a, the trial court's power to entertain Lynd's motions expired on June 17, 2004, thirty days after it signed the final judgment. TEX. R. CIV. P. 329b(f); *see also Gillis,* 741 S.W.2d at 365. After an evidentiary hearing on the Rule 306a motion, the trial court granted Lynd's motion for new trial on September 7, 2004. The trial court, however, did not make a written finding confirming the date Lynd first received notice of the judgment.

■ Anthony sought mandamus relief in the court of appeals, arguing that the trial court abused its discretion because the November 21, 2003 sanctions order was a final judgment, and, therefore, the court could not invoke its plenary power pursuant to Rule 306a(4).[2] *See In re Sw. Bell*

---

1. The real party in interest argues that Lynd should be denied relief because it did not include the transcript of the Rule 306a evidentiary hearing with its petition. *See* TEX. R. APP. P. 52.7(a) (relator must file record which includes any document or transcript relevant to its claim). The real party in interest, however, filed a supplemental record that included the transcript. *See id.* 52.7(b) (any party to the proceeding may supplement record). Thus, the record before us contains all that is necessary to consider Lynd's petition for writ of mandamus.

2. Rule 306a(4) does not apply and cannot serve to extend a trial court's plenary power when a party learns of final judgment more than ninety days after it is signed. *Levit v. Adams,* 850 S.W.2d 469, 470 (Tex.1993) (noting that in such cases a bill of review is the proper method of seeking relief). If judgment was final on November 21, 2003, ninety days

*Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (holding that mandamus is the proper avenue for relief when the trial court issues an order after its plenary power has expired). Anthony argued in the alternative that even if the May 18, 2004 order was the final judgment, the order granting new trial was still void, because the court did not satisfy Rule 306a's requirements and, therefore, lacked plenary power to grant the motion. The court of appeals conditionally granted mandamus relief, holding that the May 18, 2004 order was the final judgment, but that the order granting new trial was void due to the trial court's failure to specifically find the date Lynd first received notice or acquired actual knowledge of the judgment. 2005 WL 291501, *4. Accordingly, the court of appeals ordered the trial court to withdraw the September 7, 2004 order. *See id.* at *4. The trial court has since complied.

 Post-judgment procedural timetables—including the period of the trial court's plenary power—run from the day a party receives notice of judgment, rather than the day judgment is signed, if the party: (1) complies with the sworn motion, notice and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed. *See* TEX. R. CIV. P. 306a. Specifically, Rule 306a(5) requires that the party alleging late notice of judgment file a sworn motion with the trial court establishing the date the party or its counsel first learned of the judgment. TEX. R. CIV. P. 306a(5); *see also Gillis*, 741 S.W.2d at 365. The motion must be filed before the trial court's plenary power—measured from the date of notice established under Rule 306a(4)—expires. *John v. Marshall*

would have elapsed on February 19, 2004, well before the date Lynd alleged it learned of

*Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001). The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *See Grondona v. Sutton*, 991 S.W.2d 90, 91–92 (Tex.App.—Austin 1998, pet. denied); *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex.App.—Fort Worth 2004, pet. denied); *see also Jon v. Stanley*, 150 S.W.3d 244, 248 (Tex.App.—Texarkana 2004, no pet.).

 We agree with the court of appeals that the May 18, 2004 judgment was the final judgment. A default judgment is deemed final if it expresses an unequivocal intent to finally dispose of the case. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005). The November 21, 2003 order, entitled "Order on Motion for Sanctions" stated that it was a default judgment as to Anthony's "liquidated claim" against Lynd, but the order contained no language stating it finally disposed of all claims and all parties. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001) (judgment containing language expressly disposing of all claims and all parties may be deemed a final judgment). Furthermore, the order on the motion for sanctions did not resolve Anthony's claims for pain and suffering, medical expenses, or lost earning capacity. *See id.* (holding that regardless of its language, a judgment that disposes of all claims, based on the record in the case, may be deemed final). In contrast, the May 18, 2004 "Final Default Judgment"

final judgment.

left nothing further to resolve and, therefore, was the final judgment in this case.

■ We disagree, however, with the court of appeals' holding that the trial court did not properly invoke its plenary power to grant Lynd's motion for new trial because it omitted a written finding of the date Lynd received notice of final judgment. Unlike the parallel appellate rule, Texas Rule of Appellate Procedure 4.2, Rule 306a does not require that the trial court issue a signed order with such a finding. *Compare* TEX. R. APP. P. 4.2(c) *with* TEX. R. CIV. P. 306a(5). Rather, when the trial court fails to specifically find the date of notice, the finding may be implied from the trial court's judgment, unless there is no evidence supporting the implied finding or the party challenging the judgment establishes as a matter of law an alternate notice date. *See Abrams v. Jones,* 35 S.W.3d 620, 627 (Tex.2000) (the legal sufficiency of implied findings may be challenged on appeal); *see also Powell v. McCauley,* 126 S.W.3d 158, 161–62 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (if the trial court fails to make a written finding of the date the complaining party received notice of judgment, the appellate court may imply the finding). To the extent that some courts of appeals have held otherwise, we disapprove those decisions. *See LeJune v. Pow–Sang,* No. 01–04–00843–CV, 2006 WL 908440, at *9 n. 17, 2006 Tex.App. LEXIS 2740, at *32 n. 17 (Tex.App.—Houston [1st Dist.] April 6, 2006, no pet. hist.); *In re Parast,* No. 04–03–00340–CV, 2003 WL 21537423, at *2, 2003 Tex.App. LEXIS 5826, at *6 (Tex. App.—San Antonio July 9, 2003, orig. proceeding) (mem. op.); *In re Ray,* 967 S.W.2d 951, 954 (Tex.App.—Dallas 1998, orig. proceeding); *In re Jones,* 974 S.W.2d 766, 768 (Tex.App.—San Antonio 1998, orig. proceeding); *Metro Dairy Queen Stores v. Dominguez,* 883 S.W.2d 322, 324 (Tex.App.—El Paso 1994, no writ); *Hannon v. Crest Cadillac, Inc.,* No. 05–99–01503–CV, 2000 WL 306998, at *1, 2000 Tex.App. LEXIS 1957, at *2–*3 (Tex. App.—Dallas March 27, 2000, no pet.) (not designated for publication). We note, however, that a trial court could dispel ambiguities about the notice date if, in ruling on 306a motions, it followed the procedure mandated by Texas Rule of Appellate Procedure 4.2(c) and issued a finding of the notice date as a matter of course. Parties should also consider requesting such a finding, as it may help circumvent disputes like this one.

Here, there is ample evidence to imply from the trial court's new trial order a finding that Lynd first received notice of the judgment on August 4, 2004. Along with the Rule 306a motion, Lynd submitted verified affidavits from its president, his secretary, the company's corporate representative, and its attorney, all of whom swore that they did not learn of the judgment until the sheriff's deputy arrived at Lynd's offices on August 4, 2004. Lynd's president and his secretary offered similar testimony at the Rule 306a evidentiary hearing.

Because August 4, 2004 was more than twenty, but less than ninety-one, days after the default judgment was signed, and because Lynd timely filed its Rule 306a sworn motion and accompanying motion for new trial within thirty days of first receiving notice of the judgment, Rule 306a operated to extend the trial court's plenary power to grant Lynd's motion for new trial. *See* TEX. R. CIV. P. 306a(4), (5); *see also John,* 58 S.W.3d at 741. Thus, pursuant to Rule 306a, August 4, 2004 served as the date from which all post-judgment deadlines and the trial court's plenary power began to run. *See* TEX. R. CIV. P. 306a(4) (date party received notice substitutes for the date judgment was

signed as starting point from which post-judgment deadlines run). Accordingly, the trial court had jurisdiction on September 7, 2004 to issue its order granting Lynd's motion for new trial. *See* TEX. R. CIV. P. 329b. Therefore, the court of appeals abused its discretion in ordering the trial court to vacate that order.

Accordingly, without hearing oral argument, we conditionally grant Lynd's petition for writ of mandamus, direct the court of appeals to vacate its ruling, and order the trial court to vacate its February 28, 2005 order withdrawing the September 7, 2004 order granting new trial. TEX. R. APP. P. 52.8(c), (d). The writ will issue only if the lower courts fail to comply.