•           •           • 
 • • •






MEMORANDUM OPINION

No. 04-09-00442-CV

Jerry WANZER,
Appellant

v.

Jose GARCIA, Randy Garza, E. Villalobos, Thomas Hinkle, 
Jerry Sanchez, Johnny R. Martinez, and Antonio Gonzalez,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 06-11-00140-CVK
Honorable Ron Carr, Judge Presiding

PER CURIAM
 
Sitting:            Karen Angelini, Justice
                        Sandee Bryan Marion, Justice
                        Phylis J. Speedlin, Justice

Delivered and Filed: October 14, 2009 

DISMISSED FOR LACK OF JURISDICTION
            The trial court signed a final judgment on May 8, 2009. Because Appellant Jerry Wanzer did
not file a motion for new trial, motion to modify the judgment, motion for reinstatement, or request
for findings of fact and conclusions of law, the notice of appeal was due to be filed on June 8, 2009.
See Tex. R. App. P. 26.1(a). A motion for extension of time to file the notice of appeal was due on
June 23, 2009. See Tex. R. App. P. 26.3. Wanzer did not file his notice of appeal until July 6, 2009,
and his notice indicates that he did not give his notice of appeal to officials for mailing until June
30, 2009. Further, Wanzer did not file a motion for extension of time. Therefore, in our order of
September 4, 2009, we noted that it appeared we lack jurisdiction over this appeal. 
            We also noted that in his notice of appeal, Wanzer stated that he did not receive notice of the
final judgment until June 5, 2009. If a party has no notice of the trial court’s judgment, Texas Rule
of Appellate Procedure 4.2 allows, in some circumstances, additional time for that party to file
documents. See Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a. Thus, post-judgment procedural
timetables, including the period of the trial court’s plenary power, run from the day a party receives
notice of judgment, rather than the day judgment is signed, if the party (1) complies with the sworn,
notice and hearing requirements mandated by Texas Rule of Civil Procedure 306a(5); and (2) proves
he received notice of the judgment more than twenty (but less than ninety-one) days after it was
signed. In re Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) (citing Tex. R. Civ. P.
306a). Specifically, Rule 306a(5) requires that the party alleging late notice of judgment file a sworn
motion with the trial court establishing the date the party or her counsel first learned of the judgment.
Id. (citing Tex. R. Civ. P. 306a(5)). The sworn motion establishes a prima facie case that the party
lacked timely notice and invokes a trial court’s otherwise-expired jurisdiction for the limited purpose
of holding an evidentiary hearing to determine the date on which the party or her counsel first
received notice or acquired knowledge of the judgment. Id. The sworn “motion must be filed before
the trial court’s plenary power – measured from the date of notice established under Rule 306a(4)
– expires.” Id.
            Thus, we explained in our order that even assuming that Wanzer got notice of the judgment
as he claims on June 5, 2009, because Wanzer did not file a motion for new trial, the trial court lost
plenary power on July 6, 2009. See Tex. R. Civ. P. 329b. Therefore, we explained in our order that
it was too late for Wanzer to comply with Rule 306a and ordered Wanzer to show cause why this
appeal should not be dismissed for lack of jurisdiction.
            Wanzer has filed a response to our show cause order, but he has not shown how we would
have jurisdiction over this appeal. Therefore, we dismiss this appeal for lack of jurisdiction. 
 
                                                                                    PER CURIAM