*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00442-CV

Jerry **WANZER**,
Appellant

v.

Jose **GARCIA**, Randy Garza, E. Villalobos, Thomas Hinkle,
Jerry Sanchez, Johnny R. Martinez, and Antonio Gonzalez,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 06-11-00140-CVK
Honorable Ron Carr, Judge Presiding

PER CURIAM

Sitting:     Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed: October 14, 2009

DISMISSED FOR LACK OF JURISDICTION

        The trial court signed a final judgment on May 8, 2009. Because Appellant Jerry Wanzer did

not file a motion for new trial, motion to modify the judgment, motion for reinstatement, or request

for findings of fact and conclusions of law, the notice of appeal was due to be filed on June 8, 2009.

*See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file the notice of appeal was due on

June 23, 2009. *See* TEX. R. APP. P. 26.3. Wanzer did not file his notice of appeal until July 6, 2009, and his notice indicates that he did not give his notice of appeal to officials for mailing until June 30, 2009. Further, Wanzer did not file a motion for extension of time. Therefore, in our order of September 4, 2009, we noted that it appeared we lack jurisdiction over this appeal.

We also noted that in his notice of appeal, Wanzer stated that he did not receive notice of the final judgment until June 5, 2009. If a party has no notice of the trial court's judgment, Texas Rule of Appellate Procedure 4.2 allows, in some circumstances, additional time for that party to file documents. *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a. Thus, post-judgment procedural timetables, including the period of the trial court's plenary power, run from the day a party receives notice of judgment, rather than the day judgment is signed, if the party (1) complies with the sworn, notice and hearing requirements mandated by Texas Rule of Civil Procedure 306a(5); and (2) proves he received notice of the judgment more than twenty (but less than ninety-one) days after it was signed. *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) (citing TEX. R. CIV. P. 306a). Specifically, Rule 306a(5) requires that the party alleging late notice of judgment file a sworn motion with the trial court establishing the date the party or her counsel first learned of the judgment. *Id.* (citing TEX. R. CIV. P. 306a(5)). The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or her counsel first received notice or acquired knowledge of the judgment. *Id.* The sworn "motion must be filed before the trial court's plenary power – measured from the date of notice established under Rule 306a(4) – expires." *Id.*

Thus, we explained in our order that even assuming that Wanzer got notice of the judgment as he claims on June 5, 2009, because Wanzer did not file a motion for new trial, the trial court lost plenary power on July 6, 2009. *See* TEX. R. CIV. P. 329b.  Therefore, we explained in our order that it was too late for Wanzer to comply with Rule 306a and ordered Wanzer to show cause why this appeal should not be dismissed for lack of jurisdiction.

Wanzer has filed a response to our show cause order, but he has not shown how we would have jurisdiction over this appeal.  Therefore, we dismiss this appeal for lack of jurisdiction.


PER CURIAM