

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00380-CV

**THOMAS WAYNE GIFFORD,**

                                            **Appellant**

 **v.**

**DAVID KELLEY,**

                                            **Appellee**

---

### From the County Court at Law
### Ellis County, Texas
### Trial Court No. 08-C-3694

---

## MEMORANDUM OPINION

---

Thomas Wayne Gifford sued David Kelley[1] for injuries Gifford sustained on Kelley's business premises. Kelley filed a no-evidence motion for summary judgment which the trial court granted. *See* TEX. R. CIV. P. 166a(i). Gifford appealed. Because the trial court did not err in granting Kelley's motion for summary judgment, the trial court's judgment is affirmed.

---

[1] Kelley's name has been improperly spelled by Gifford throughout this proceeding. We will use the proper spelling.

In his sole issue, Gifford argues that the trial court erred in granting summary judgment in favor of Kelley. But first, we must address the question raised by Kelley: do we have jurisdiction of this appeal?

*Jurisdiction*

The summary judgment in this case was signed by the trial court on September 3, 2009. Gifford filed a motion for new trial on November 20, 2009, 48 days late. TEX. R. CIV. P. 329b(a). However, under the Texas Rules of Civil Procedure, a party can extend pertinent post-trial deadlines if he does not learn of the adverse judgment within 20 days of its entry. *See* TEX. R. CIV. P. 306a. Kelley contends that Gifford did not comply with Rule 306a in order to receive its benefits.

We looked at this issue when the appeal was filed and determined that we had jurisdiction of this appeal. Gifford filed a verified motion for new trial more than 20 days but less than 91 days after he received notice of the trial court's judgment. *See* TEX. R. CIV. P. 306a; *see also In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006). In that motion, he stated he received notice of the trial court's judgment by letter dated October 23, 2009. He attached a copy of that letter to the motion as an exhibit. The copy is stamped "received" on October 27, 2009. The sworn motion establishes a prima facie case that Gifford lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *In re Lynd Co.*, 195 S.W.3d at 685.

It is unclear from the record whether a hearing was held in open court, but the trial court, in its Order on Motion for New Trial and Motion for Reconsideration, found that there was good cause for the untimely filing of the motion and "for all current purposes of this Court and for any future appellate purposes, considers this *Motions* as having been <u>timely</u> filed." (Emphasis and spelling as in original order.) The trial court did not enter a specific date of when Gifford received notice of the court's judgment, but when the trial court fails to specifically find the date of notice, the finding may be implied from the trial court's judgment, unless there is no evidence supporting the implied finding or the party challenging the judgment establishes as a matter of law an alternate notice date. *Id.* at 686. As stated previously, Gifford attached evidence to his verified motion for new trial that the notice letter was received on October 27, 2009. There is no evidence refuting Gifford's claim in the record before us. Therefore, a finding is implied that Gifford received notice of the trial court's judgment on October 27, 2009.

Gifford's notice of appeal was then timely filed on November 19, 2009. *See* Tex. R. App. P. 26.1(a). Accordingly, we have jurisdiction of this appeal.

*Summary Judgment*

Gifford alleged in his first amended petition that he was invited onto the business premises of Kelley's to work and was seriously injured as a result of a dangerous condition. He further alleged that his injury was a direct result of a fall that was proximately caused by the dangerous condition of which Kelley knew or should have known. According to Kelley's motion for summary judgment, Gifford fell at the

base of a ramp to a trailer located on Kelley's property. Kelley contended that there was no evidence to support the following elements of Gifford's suit:

1) that the condition on Kelley's property posed an unreasonable risk of harm;

2) that Kelley knew, or reasonably should have known of the danger;

3) that Kelley failed to exercise reasonable care to reduce or eliminate the risk; and

4) that Kelley's failure to use such care proximately caused Gifford's injuries.

A no-evidence motion for summary judgment must be granted if, after adequate time for discovery, the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial and the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006); *Sudan v. Sudan*, 199 S.W.3d 291 (Tex. 2006); *see* TEX. R. CIV. P. 166a(i). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)).

If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on each challenged element, a no-evidence summary judgment cannot properly be granted. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). But conclusory statements are not competent evidence and will not raise a fact issue to defeat summary judgment. *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997); *see also City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 689 (Tex. 2006).

The only evidence presented by Gifford was his affidavit attached to his response to the motion for summary judgment. In the affidavit, Gifford states in pertinent part:

> "2. The case's issues are inherent fact such as 'reasonable care' and subjective negligence.
>
> The condition on Defendant David Kelley's property posed an unreasonable risk of harm.
>
> 3. Defendant David Kelley knew or reasonably should have known of the danger.
>
> 4. Defendant David Kelley failed to exercise reasonable care to reduce or eliminate the risk; and
>
> 5. Defendant David Kelley's failure to use such care proximately caused my injuries."

Gifford's assertions in his affidavit are nothing more than conclusions affirmatively stating the legal elements of his causes of action and therefore do not comprise evidence that some premises condition or an act or omission of Kelley was causally related to Gifford's resulting injuries. His statements fail to address any

particular condition of the premises, conduct of Kelley, or underlying facts on which his conclusions are based. His affidavit does not set out specific facts from which a jury could reasonably infer that Kelley knew or should have known of some unreasonably dangerous condition of the premises which was involved in Gifford's injury. Nor does his affidavit amount to more than a bare conclusion that some unknown conduct, or omission, of Kelley was a proximate cause of unspecified injuries. These conclusory statements are not competent evidence and do not raise a fact issue to defeat Kelley's no-evidence summary judgment motion.

Accordingly, there being no evidence presented by Gifford on any of the elements attacked by Kelley, the trial court did not err in granting the motion for summary judgment. Gifford's sole issue is overruled.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed May 5, 2010
[CV06]