Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-12-00044-CV

Richard **PAYNE**,
Appellant

v.

Thomas E. **COLE** Jr., et al.
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 10-800142-CVK
Honorable Ron Carr, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  April 4, 2012

DISMISSED FOR LACK OF JURISDICTION

Richard Payne seeks to appeal the trial court's judgment of dismissal signed August 17, 2011. The clerk's record contains a notice of appeal, a request for findings of fact and conclusions of law, and an affidavit regarding late receipt of the judgment, all filed in the trial court on January 10, 2012. The record also contains correspondence from Payne to Robbie Shortner, the Karnes County District Clerk, post-marked November 30, 2011, December 12, 2011, and December 30, 2011. Each of the letters asserts that Payne had previously mailed his

notice of appeal, request for findings of fact and conclusions of law, and affidavit to the clerk, but had received no confirmation or response from the clerk. However, none of the correspondence enclosed copies of the filings. A note in the clerk's record, signed "R. Shortner," states no pleadings were received.

Payne's affidavit asserts he did not receive notice of the judgment until October 14, 2011. The post-judgment timetables generally run from the date the judgment was signed, in which case Payne's notice of appeal was due September 16, 2011. However, the timetables "run from the day a party receives notice of judgment, rather than the day judgment is signed, if the party: (1) complies with the sworn motion, notice and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006); *see* TEX. R. CIV. P. 306a; TEX. R. APP. P. 4.2. In order to invoke the trial court's jurisdiction under rule 306a(5), the motion must be filed before the trial court's plenary power — measured from the date notice of judgment was alleged to have been received — expires. *Id.*

The trial court's plenary power expires thirty days after judgment is signed if no motion extending the court's plenary power is filed. TEX. R. CIV. P. 329b(d), (e), (g). The clerk's record does not contain a timely motion that extended the trial court's plenary power. Therefore, Payne was required to file his rule 306a(5) motion within thirty days of the date Payne received notice of the judgment, or by November 14, 2011. Even if we construe Payne's affidavit as a rule 306a(5) motion, the affidavit filed on January 10, 2012 was not timely and would not empower the trial court to make a finding that delayed the date the post-judgment and appellate timetables began to run. Therefore, Payne's notice of appeal was due, but not filed, September 16, 2011.

On February 22, 2012, we ordered appellant to show cause why this appeal should not be dismissed for want of jurisdiction. Appellant has filed a response in which he contends the fault lies with the Karnes County District Clerk for failing to timely notify him of the trial court's dismissal order and complains about the inequities of the court system and chapter 14 of the Texas Civil Practice and Remedies Code. However, Payne does not make any argument that he timely invoked this court's jurisdiction. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM