# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00890-CV

**Juan A. Tellez, Appellant**

**v.**

**Robin Allen Reid and Crete Carrier Corporation, Appellees**

---

**FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
NO. C2011-0273B, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a summary judgment in a negligence suit filed by Juan A. Tellez against Robin Allen Reid and Reid's employer, Crete Carrier Corporation. As a preliminary matter, appellees Reid and Crete Carrier argue that we lack jurisdiction because Tellez did not timely perfect his appeal and did not extend his appellate deadlines by obtaining a trial court ruling establishing the date when he or his counsel first received notice of the order or acquired actual knowledge that the order was signed. *See* Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a.[1] Tellez's December 16, 2011 notice of appeal acknowledges receipt of the trial court's October 25, 2011 letter

---

[1] We abated this case because the order in the record did not reflect the date that the trial court signed it. *Tellez v. Reid*, No. 03-11-00890-CV, 2012 Tex. App. LEXIS 8764 (Tex. App.—Austin Oct. 18, 2012, no pet.) (mem. op.); *see* Tex. R. App. P. 4.2, 26.1; Tex. R. Civ. P. 306a (calculating procedural timetables from date that appealable order is "signed"). We reinstated the case on January 25, 2013, after receiving a supplemental clerk's record with the trial court's certification that it signed the order on October 25, 2011. *See* Tex. R. Civ. P. 306a(2).

mailed after the hearing, notifying the parties that the summary judgment was granted and requesting preparation of an order. However, Tellez asserts that his counsel did not learn that the order was signed until December 2, 2011, and in any event his notice of appeal is timely because it was filed within ninety days from the entry of the order. Tellez is mistaken.

Post-judgment procedural timetables run from the date that a party receives notice of judgment, rather than the date that a judgment is signed, if the party: (1) complies with the sworn motion, notice and hearing requirements mandated by Texas Rule of Civil Procedure 306a(5), and (2) proves it received notice of the judgment more than twenty but less than ninety-one days after it was signed. *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding); *Turbeville v. Dailey*, No. 03-11-00679-CV, 2011 Tex. App. LEXIS 9785, at *6 (Tex. App.—Austin Dec. 14, 2011, no pet.) (mem. op.); *see* Tex. R. App. P. 4.2(b) (providing that procedure to gain additional time is governed by Rule 306a(5)); Tex. R. Civ. P. 306a(5). Under Rule 306a(5), the party alleging late notice of judgment must file with the trial court a sworn motion establishing the date that the party or its counsel first learned of the judgment. *In re Lynd Co.*, 195 S.W.3d at 685 (citing Tex. R. Civ. P. 306a(5)). The motion must be filed before the trial court's plenary power—measured from the date of notice established under Rule 306a(4)—expires. *Id*. The motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *Id*. Here, Tellez did not file any motion with the trial court to invoke the Rule 306a process.

Because Tellez did not avail himself of the Rule 306a process with the trial court, his appellate deadlines were not extended, and we lack jurisdiction over this appeal. *See* Tex. R. App. P. 4.2(b), 26.1; Tex. R. Civ. P. 306a(5). Accordingly, we dismiss Tellez's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:   March 7, 2013