# NO. 12-15-00222-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEBBIE TARVER,*<br>*APPELLANT* | § | *APPEAL FROM THE 1ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JOSETTE NEWBERRY AND MONICA*<br>*NEWBERRY,*<br>*APPELLEES* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. The trial court's judgment was signed on April 23, 2015. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. However, the underlying proceeding was a bench trial, and Appellant filed a timely request for findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. This extended Appellant's time for filing the notice of appeal to July 22, 2015. *See* TEX. R. APP. P. 26.1(a) (providing that notice of appeal must be filed within ninety days after judgment signed if any party timely files request for findings of fact and conclusions of law). However, Appellant filed her notice of appeal on August 24, 2015. Thereafter, she filed a motion in this court requesting an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. ***Id.*** Appellant's notice of appeal was due to have been filed on or before July 22, 2015. Therefore, her motion for extension of time was due on or before August 6, 2015. However, Appellant filed the motion on

September 11, 2015.  Because the motion was not filed on or before August 6, 2015, it was untimely and must be overruled.[1]  *See **id***.

A timely notice of appeal must be filed in order to invoke this court's jurisdiction.  *See* TEX. R. APP. P. 25.1(b).  "Once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."  ***Verburgt v. Dorner***, 959 S.W.2d 615, 617 (Tex. 1997).  Consequently, we ***overrule*** the motion for extension of time as untimely and ***dismiss*** the appeal ***for want of jurisdiction***.

Opinion delivered September 16, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] Appellant explains in her motion for extension of time that she received no notice of the signed judgment and therefore she never docketed the deadline for the notice of appeal.  The procedure for extending the trial court's plenary power, and ultimately the appellate deadlines, is not available to Appellant because she did not receive notice of the signed judgment within ninety days after its signing.  *See* TEX. R. APP. P. 4.2(a)(1) ("But in no event may the [extended time period] begin more than 90 days after the judgment or order was signed."); TEX. R. CIV. P. 306a(5) (prescribing procedure for requesting additional time because of lack of notice of signed judgment); ***In re The Lynd Co.***, 195 S.W.3d 682, 685 (Tex. 2006) (requiring proof that notice of judgment was received more than twenty but less than ninety-one days after it was signed to extend postjudgment procedural timetables under Rule 306a(5)).

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 16, 2015

NO. 12-15-00222-CV

**DEBBIE TARVER,**
Appellant
V.
**JOSETTE NEWBERRY AND MONICA NEWBERRY,**
Appellees

Appeal from the 1st District Court

of San Augustine County, Texas (Tr.Ct.No. CV-12-9397)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*