# NO. 12-15-00225-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN ENRIQUEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BRAD LIVINGSTON, ET AL,*<br>*APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate Procedure 42.3(a). The trial court's judgment was signed on April 22, 2015. Under rule of appellate procedure 26.1, the notice of appeal must be filed within thirty days after the judgment is signed. However, Appellant filed a motion for new trial, which was due to have been filed no later than May 22, 2015. TEX. R. APP. P. 26.1(a) (providing that notice of appeal must be filed within ninety days after judgment signed if any party timely files motion for new trial). Because the motion was not filed until July 24, 2015 (two months after it was due), it was untimely and did not extend Appellant's deadline for filing his notice of appeal. *See id*. Consequently, his notice of appeal was due to have been filed no later than May 22, 2015.

On September 14, 2015, this court notified Appellant pursuant to Texas Rules of Appellate Procedure 37.1 and 42.3 that his notice of appeal was untimely and there was no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3. Appellant was further notified that the appeal would be dismissed for want of jurisdiction unless the information in the appeal was amended, on or before September 24, 2015, to show this court's jurisdiction of the appeal.

On September 24, Appellant filed an amended notice of appeal. In the notice, he states the order of dismissal was "entered" on April 22, 2015, but the clerk did not mail him notice of

the judgment until July 1, 2015.  Because of this delay, he contends his notice of appeal is timely.  Under certain circumstances, the trial court's plenary power, and ultimately the appellate deadlines, may be extended when the clerk's notice of judgment is not received, and actual notice of the judgment is not acquired, within twenty days of the judgment's signing.  *See* TEX. R. CIV. P. 306a(5) (prescribing procedure for requesting additional time because of lack of notice of signed judgment).  "But in no event may the [extended time period] begin more than 90 days after the judgment or order was signed."  TEX. R. APP. P. 4.2(a)(1); *In re The Lynd Co.*, 195 S.W.3d 682, 685 (Tex.2006) (requiring proof that notice of judgment was received more than twenty but less than ninety-one days after it was signed to extend postjudgment procedural timetables under Rule 306a(5)).

Appellant states further that, on July 15, 2015, he filed a "motion to vacate and correct judgment."  We have not been provided with a copy of this motion, but assume that Appellant is attempting to comply with Rule 306a(5).  However, he has not provided any order from the trial court establishing the date he received notice or acquired actual knowledge of the judgment.  Therefore, he has not shown the jurisdiction of this court.

Because this court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is *dismissed for want of jurisdiction*.[1]  *See* TEX. R. APP. P.  42.3(a).

Opinion delivered September 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] This court did not imply a motion for extension of time because the notice of appeal was not filed within the time permitted for filing such a motion.  *See* *Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997) (motion for extension of time is implied when party, in good faith, files notice of appeal within time permitted for filing motion for extension of time).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 30, 2015

NO. 12-15-00225-CV

**JUAN ENRIQUEZ,**
Appellant
V.
**BRAD LIVINGSTON, ET AL,**
Appellees

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 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)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*