# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00146-CV

**San Angelo Community Medical Center, Appellant**

**v.**

**Kelly Nelson, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A150086C, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

On March 3, 2016, San Angelo Community Medical Center (SACMC) filed a notice

of appeal from the district court's order denying its motion to dismiss Kelly Nelson's health-care

liability claim.[1] *See* Tex. Civ. Prac. & Rem. Code §§ 51.014(a)(9), 74.351(b).  The district court's

order from which SACMC appeals was dated January 15, 2016, but not marked as filed until

February 12, 2016.

Texas Rules of Appellate Procedure provide that a notice of appeal is due twenty days

after the court signs the interlocutory order being appealed.  *See* Tex. R. App. P. 26.1(b).[2]  In

response to our letter questioning jurisdiction over this appeal, SACMC states that its counsel

---

[1] A visiting judge from Brownwood conducted the hearing on the motion to dismiss and after taking the matter under advisement, later signed the order.

[2] An extension of time was available, but not sought, within fifteen days of that deadline. *See* Tex. R. App. P. 26.3.

checked the district court's website (on an unspecified date) and noticed that the docket sheet reflected entry of the January 15 order. However, counsel for SACMC states that the order was not filed until February 12, 2016, and that the clerk did not e-mail the order to SACMC until February 19, 2016. Based on these representations of delayed filing of the signed order, SACMC's counsel requests a twenty-day extension of time running from February 12, 2016, the date that the district court's order was filed. Because the rules of appellate procedure do not allow us to alter the time for perfecting an appeal in a civil case, we must deny that motion. *See* Tex. R. App. P. 2.

However, the rules allow a party alleging late notice of an appealable order to have the trial court establish the date when the party or the party's attorney first received notice or acquired actual knowledge that the order was signed. *See* Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a. If the party complies with the requirements of Texas Rule of Civil Procedure 306a(5) and proves that it received notice of the appealable order more than twenty days—but less than ninety-one days—after it was signed, then post-judgment procedural timetables run from the date that the party or the party's attorney received notice of the order. *See In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding); *see* Tex. R. App. P. 4.2(b) (providing that procedure to gain additional time is governed by Rule 306a(5)); Tex. R. Civ. P. 306a(5).

Accordingly, we abate this appeal and remand this cause to the district court so that SACMC may seek the necessary findings as to the date that SACMC or its counsel first received notice or acquired actual knowledge that the order denying its motion to dismiss was signed. *See* Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5).

It is ordered on April 8, 2016.


Before Chief Justice Rose, Justices Pemberton and Bourland

Abated and Remanded

Filed:   April 8, 2016