**DISMISS and Opinion Filed November 24, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00635-CV**

**DONNA FORDYCE, Appellant**
**V.**
**JORDAN LEIGH HATCHEL, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-18-1277**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Molberg
Opinion by Chief Justice Burns

We questioned our jurisdiction over this appeal from the trial court's March 17, 2020 summary judgment as it appeared to have been untimely filed. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional). Because no motion for new trial or to modify the judgment was filed, the notice of appeal was due no later than April 16, 2020, the thirtieth day after the judgment was signed or, with an extension motion, no later than May 1, 2020. *See* TEX. R. APP. P. 26.1, 26.3. Appellant filed the notice of appeal June 19, 2020 but

explained in the notice that she did not become aware of the summary judgment until the week of May 25th, more than sixty days after the judgment was signed.

Although appellant appeared to be invoking Texas Rule of Appellate Procedure 4.2, which modifies appellate deadlines when a party affected by a judgment does not receive notice of the judgment within twenty days of the judgment being signed, it did not appear appellant had followed the relevant procedures for gaining additional time to file the notice of appeal. *See* TEX. R. APP. P. 4.2. Those procedures require the affected party to file in the trial court a sworn motion under Texas Rule of Civil Procedure 306a(5) proving the date on which notice of the judgment was received. *See id.* 4.2(b); TEX. R. CIV. P. 306a(5). Additionally, the party must obtain a written order from the trial court "that finds the date" of notice. *See* TEX. R. APP. P. 4.2(c). When these procedures are followed, an appellate deadline that runs from the signing of the judgment will begin for the affected party on the date of notice of the signing.[1] *See id.* 4.2(a)(1).

At our direction, appellant filed a letter brief addressing our concern. Attached to the letter brief was a copy of an order from the trial court which referenced appellant's unopposed 306a(5) motion and found appellant first received

---

[1] In no event, however, may the deadline begin more than ninety days after the signing of the judgment. *See* TEX. R. APP. P. 4.2(a)(1).

notice of the judgment "either May 26, 27, or 28, 2020." The 306a(5) motion was filed July 27, 2020 and the order was signed two days later.

Rule 306a(5) does not impose a deadline for filing the 306a(5) motion, but our supreme court has held the motion must be filed before the trial court's plenary power expires, as measured from the date of notice of the judgment. *See In re Lynd*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding). That timeframe is thirty days if no motion for new trial, to modify judgment, or to reinstate is filed. *See* TEX. R. CIV. P. 165a(3), 329b(e),(g).

Because appellant received notice of the judgment by May 28, 2020 and no motion for new trial or to modify judgment was filed, the trial court's plenary power expired, and the 306a(5) motion was due, thirty days later. *See* TEX. R. CIV. P. 306a(4), 329b(d); *In re Lynd*, 195 S.W.3d at 685. The motion, however, was not filed until roughly sixty days later, and was ineffective to modify the timetable for filing the notice of appeal. The notice of appeal was therefore due no later than April 16th or with an extension motion no later than May 1st. *See* TEX. R. APP. P. 26.1, 26.3. Having been filed June 19th, it was untimely. Accordingly, we lack jurisdiction and dismiss the appeal. *See id.* 42.3(a); *Brashear*, 302 S.W.3d at 545.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200635F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNA FORDYCE, Appellant

No. 05-20-00635-CV        V.

JORDAN LEIGH HATCHEL,
Appellee

On Appeal from the 15th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. CV-18-1277.
Opinion delivered by Chief Justice
Burns, Justices Whitehill and
Molberg participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Jordan Leigh Hatchel recover her costs, if any, of this appeal from appellant Donna Fordyce.

Judgment entered November 24, 2020.