In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-21-00276-CV**

**JOE ALFRED IZEN JR., Appellant**

**V.**

**DAWN KORMAN, Appellee**

_____

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 21-32095**

_____

**MEMORANDUM OPINION**

In October 2021, the Court sent the appellant, Joe Alfred Izen Jr., a letter asking him to explain why his appeal should not be dismissed as moot based on the order the trial court signed on September 16, 2021 granting Izen's motion for new trial in trial cause number 21-32095. Izen responded to the Court's letter. In his response, Izen argues that if the trial court no longer had plenary power over its order dismissing his case as of September 16, his appeal (theoretically) would not be moot.

1

Even so, Izen has not argued the trial court did not have plenary power over the order of dismissal. Instead, his argument is that if it did not, his appeal would not be moot.

Izen asks that this Court sit en banc and certify a "question of law . . . concerning [the] proper interpretation and application of Texas Rules of Civil Procedure Rule 306a(4) to the Texas Supreme Court[.]"[1] But we do not have the authority to create the certification procedure Izen suggests the Court follow.

Even so, the record shows Izen's appeal is moot. In the trial court, Izen invoked the procedure litigants follow to claim they received late notice of a judgment.[2] By invoking that procedure, the trial court had limited jurisdiction, the jurisdiction required to decide when Izen first received notice or acquired knowledge of the trial court's order dismissing his case in June 2021.[3]

On September 16, 2021, when the trial court signed the order granting Izen's motion for new trial, the trial court still had plenary power over its June 2021 order of dismissal. By granting the motion, the trial court found that Izen was not provided with actual or constructive notice of the court's order of dismissal. The trial court's findings relevant to the arguments Izen presented thereon his claim of late notice can be implied from the trial court's September 16 order granting Izen's motion for new

---

[1]Izen cites no authority for the certification procedure that he is proposing the Court follow.
[2]*See generally* Tex. R. Civ. P. 306a(4).
[3]*In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006).

trial.[4] The timetables relevant to the trial court's plenary power over its judgment ran from the date the trial court granted Izen's motion for new trial.[5] Thus, the trial court still had plenary power over its June 2021 order of dismissal when, on September 16, 2021, it granted Izen's motion for new trial.

We conclude Izen's appeal, in which he complains about the June 2021 order of dismissal, is moot. Without regard to the merits of Izen's appeal, it is dismissed as moot.[6]

APPEAL DISMISSED.

PER CURIAM

Submitted on October 27, 2021
Opinion Delivered October 28, 2021

Before Kreger, Horton and Johnson, JJ.

---

[4]*Id*. at 686.
[5]*See* Tex. R. Civ. P. 306a(4).
[6]*See* Tex. R. App. P. 42.3(a), 43.2(f).