

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00262-CV

STEPHEN PATRICK BLACK, APPELLANT

V.

CHRISTIAN CRUZ, APPELLEE

On Appeal from the County Court
Lamb County, Texas
Trial Court No. CC-3443, Honorable James M. DeLoach, Presiding

August 9, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Stephen Patrick Black, proceeding pro se, appeals from the trial court's summary judgment order in favor of Appellee, Christian Cruz. The trial court signed the summary judgment order on April 13, 2023. On June 27, 2023, Black filed a notice of appeal and a sworn motion to extend the appellate deadline pursuant to Rule of Civil Procedure 306a. In his Rule 306a motion, Black asserts that he did not receive notice or acquire actual knowledge of the order until June 13, 2023, when he received a certified mailing from the trial court clerk. The Rule 306a motion remains pending in the trial court.

We remand the cause to the trial court to rule on the motion pursuant to Rule of Appellate Procedure 4.2(c).

A timely notice of appeal is essential to invoking our jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). To be timely, a notice of appeal is due within thirty days after the judgment is signed or within ninety days if a motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings is timely filed. TEX. R. APP. P. 26.1(a). However, if a party does not receive notice or acquire actual knowledge of a judgment within twenty days of its signing, the period to file a notice of appeal will not begin to run until the date the party received notice or acquired actual knowledge of the judgment. TEX. R. APP. P. 4.2(a); TEX. R. CIV. P. 306a.4. To gain this additional time, a party must file a sworn Rule 306a motion and obtain a written order that finds the date when the party or the party's attorney first received notice or acquired actual knowledge that the judgment was signed. TEX. R. APP. P. 4.2(b), (c); TEX. R. CIV. P. 306a.5.

Black filed a sworn Rule 306a motion with the trial court seeking additional time to file his notice of appeal and requesting a hearing. "The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006). We, therefore, abate this appeal and remand the cause to the trial court to conduct a hearing, rule on Black's motion, and enter a finding of the date Black received notice or acquired actual knowledge of the signing of the summary judgment order. *See* TEX. R. APP. P. 4.2; TEX. R. CIV.

2

P.306a; *PDG, Inc. v. Abilene Vill., LLC*, No. 07-19-00118-CV, 2019 Tex. App. LEXIS 3129, at *3 (Tex. App.—Amarillo Apr. 17, 2019, order) (per curiam) (remanding for the trial court to enter findings in accordance with appellate rule 4.2).

The trial court shall enter its findings in a written order and include the order in a clerk's record to be filed with this Court by September 8, 2023.

It is so ordered.

Per Curiam

3