

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00140-CV

---

**LAMPASAS DRUG COMPANY, LTD.
D/B/A CATTLES PHARMACY, APPELLANT**

**V.**

**JULIA SANTAMARIA, INDIVIDUALLY AND
AS NEXT FRIEND J. B., A MINOR, APPELLEE**

---

On Appeal from the 27th District Court
Lampasas County, Texas
Trial Court No. 23150, Honorable John T. Gauntt, Presiding

---

April 25, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Lampasas Drug Company, Ltd. d/b/a Cattles Pharmacy ("Lampasas"), appeals from the trial court's *Order Overruling Defendant's Objections to Chapter 74 Expert Report of Sergei Grando, M.D.*[1] We remand the cause to the trial court to rule on Lampasas' Rule 306a motion for additional time to file a notice of appeal.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

The trial court signed the *Order Overruling Defendant's Objections to Chapter 74 Expert Report of Sergei Grando, M.D.* on February 9, 2024.  Although the notice of appeal was due twenty days later, by February 29, 2024, Lampasas did not file a notice of appeal until March 25.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(19), 74.351(b); TEX. R. APP. P.  26.1(b), 28.1(b).  On April 4, 2024, Lampasas filed a sworn motion to extend the appellate deadline pursuant to Rule of Civil Procedure 306a in the trial court.  By this motion, Lampasas asserts that it first acquired knowledge of the signing of the order on March 4, 2024, but did not receive a copy of the order until March 6.  The Rule 306a motion remains pending in the trial court.  A hearing on the matter has been scheduled for May 3, 2024.

A timely notice of appeal is essential to invoking our jurisdiction.  *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997).   In an accelerated appeal, a notice of appeal is due within twenty days after the judgment or order is signed.  TEX. R. APP. P. 26.1(b).  If a party does not receive notice or acquire actual knowledge of a judgment within twenty days of its signing, the period to file a notice of appeal will not begin to run until the date the party received notice or acquired actual knowledge of the judgment.  TEX. R. APP. P. 4.2(a); TEX. R. CIV. P. 306a.4.  To gain this additional time, a party must file a sworn Rule 306a motion and obtain a written order that finds the date when the party or the party's attorney first received notice or acquired actual knowledge that the judgment was signed. TEX. R. APP. P. 4.2(b), (c); TEX. R. CIV. P. 306a.5.  "The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first

received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006).

Because Lampasas has filed a sworn Rule 306a motion with the trial court seeking additional time to file its notice of appeal, we abate this appeal and remand the cause to the trial court to conduct a hearing, rule on the motion, and enter a finding of the date Lampasas first received notice or acquired actual knowledge of the signing of the *Order Overruling Defendant's Objections to Chapter 74 Expert Report of Sergei Grando, M.D.*[2] *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a; *PDG, Inc. v. Abilene Vill., LLC*, No. 07-19-00118-CV, 2019 Tex. App. LEXIS 3129, at *3 (Tex. App.—Amarillo Apr. 17, 2019, order) (per curiam) (remanding for the trial court to enter findings in accordance with appellate rule 4.2).

The trial court shall enter its findings in a written order and include the order in a clerk's record to be filed with this Court by May 28, 2024.

It is so ordered.

Per Curiam

---

[2] Lampasas also filed a motion to extend the time to file a notice of appeal in this Court on the same basis as its 306a motion. Appellee, Julia Santamaria, opposes the motion for extension and has filed a separate motion to dismiss the appeal due to its untimeliness. We will resolve the motion for extension and motion to dismiss the appeal after the trial court rules on Lampasas' 306a motion and upon reinstatement of the appeal.