**Dismissed and Opinion Filed September 16, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00825-CV**
_____

**IN THE INTEREST OF S.J.S., M.J.S. AND M.C.S., CHILDREN**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-18680**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Pedersen, III

This is an appeal from a Final Decree of Divorce (the Decree). Suit for divorce was filed by Lilliana Sanchez Mendez (Wife), and the Decree was entered by default when Marvin Steven Salgado (Husband) failed to answer the petition. Husband appeals the Decree, arguing that the evidence is legally and factually insufficient to support both its property division and its resolution of parent-child issues. He also argues that the Decree divests him of his separate property. For the reasons discussed below, we dismiss the appeal for want of jurisdiction.

Wife argues in this Court that the appeal should be dismissed because Husband's notice of appeal was untimely filed. The Decree, which is the final

judgment in this case, was signed on March 16, 2022. A notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. If a party timely files a post-judgment motion extending the appellate timetable, the notice of appeal becomes due ninety days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1(a).

In this case, Husband filed a verified motion for new trial on May 3, 2022, forty-six days after the judgment. In the motion, he stated that he was unaware a default judgment had been taken against him "until weeks later, having received a letter in the mail from the clerk's office." If a party does not receive notice of the judgment from the clerk of the court, or actual notice of it, then his time to file a post-trial motion begins when he receives notice. TEX. R. CIV. P. 306a(4). However, in order to obtain such an extension, the party must prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual notice of the signing and that this date was more than twenty days after the judgment was signed. TEX. R. CIV. P. 306a(5). "The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006). Here, the trial court heard no evidence at the hearing on Husband's new trial motion, but it granted the motion on June 14, 2022.

Wife filed a motion to vacate the court's order, arguing that under the thirty-day rule following a final judgment, the trial court had lost plenary power by the time it granted a new trial. Wife also argued that the exception to the thirty-day rule should not apply because Husband had failed to specify in a sworn filing the date he received notice and did not prove that date with evidence.

When the trial court did not rule on the motion, Wife filed a petition for mandamus relief in this Court. While the mandamus action was pending, the trial judge, who presided over the 301st Judicial District, recused herself and the case was transferred to the 254th District Court. Ultimately, the judge of that court issued an order that agreed with the prior order granting a new trial and denied the motion to vacate. This Court issued its mandamus opinion on June 28, 2023, concluding that Husband had failed to prove, in the manner prescribed by Rule 306a(5), when he received notice of the judgment. *In re Sanchez Mendez*, No. 05-22-01070-CV, 2023 WL 4229819, at *2 (Tex. App.—Dallas June 28, 2023, orig. proceeding) (mem. op.). Accordingly, we concluded that the trial court lacked plenary power when it purported to grant a new trial to Husband. *Id.* at *3. We directed the trial court to vacate its ruling and to reinstate the default judgment. *Id.* The trial court complied with our order, and this appeal followed.

We have concluded that Husband's motion for new trial was untimely. *See id.* As a result, he was unsuccessful in extending the deadline for a notice of appeal, and that notice was due within thirty days after the judgment was signed, i.e., by

April 15, 2022. *See* TEX. R. APP. P. 26.1. Husband's notice was not filed until August 9, 2023, more than a year after it was due. Without a timely filed notice of appeal, this Court lacks jurisdiction. TEX. R. APP. P. 25.1(b).

We dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 42.3.


230825f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.J.S.,
M.J.S. AND M.C.S., CHILDREN,

No. 05-23-00825-CV

On Appeal from the 254th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-18680.
Opinion delivered by Justice
Pedersen, III. Justices Smith and
Garcia participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee Liliana Sanchez Mendez recover her costs of this appeal from appellant Marvin Salgado.

Judgment entered this 16th day of September, 2024.