### Ex Parte Troy KUNKLE.

### No. WR–20574–04.

Court of Criminal Appeals of Texas.

Jan. 24, 2005.

Robert L. MClasson, Decatur, Georgia and Danalynn Recer, Houston, for Appellant.

Carlos Valdez, DA, Corpus Christi, Matthew Paul, State's Atty., Austin, for State.

Reconsideration of dismissal of writ denied Jan. 24, 2005.

PRICE, J., filed a statement dissenting to the denial of the motion, in which HOLCOMB, J., joined.

#### STATEMENT

Today, just as it did in November, this Court is denying relief, not on the basis that Troy Kunkle is not entitled to relief, but because his attorney asked for it *too soon.* As a result, I cannot join the majority in allowing Troy Kunkle's execution to take place. I strongly dissent.

Kunkle asks this Court to reconsider its decision to dismiss his prior application for a writ of habeas corpus.[1] The state of death penalty law in Texas regarding when a defendant is entitled to a mitigating instruction is confusing at best. We have been thrown by seemingly contradictory opinions from both the Fifth Circuit and the United States Supreme Court. And, the procedural history in this case is enough to make one dizzy. The United States Supreme Court has granted a stay of execution in Kunkle's case twice in the last year. And twice, it has lifted its stay.

The mixed signals that we have been receiving are enough to convince some judges to sit back and see what the Supreme Court will do with the case. I am not so inclined.

Justice Stevens wrote a statement concurring in the Supreme Court's decision to lift the second stay in this case.[2] He set out his reasons for voting to grant the stay and then for voting to lift the stay of Kunkle's execution. According to Justice Stevens, there was some doubt about whether the decision from the Court of Criminal Appeals on November 17, 2004,

---

1. *See Ex parte Kunkle,* No. WR–20,574–04 (Tex.Crim.App. Nov. 17, 2004) (not designated for publication) (Per Curiam) (Price, Womack, Johnson, and Holcomb, JJ., would grant stay of execution).

2. *Kunkle v. Texas,* No. 04–7271 (Dec. 13, 2004).

from which Kunkle filed his petition for certiorari, was based on an independent and adequate state ground.[3] On the one hand, I appreciate Justice Stevens's attempt to shed some light on his thinking on this case. I wish that the rest of the Supreme Court had done the same. On the other hand, I am disturbed to think that a United States Supreme Court Justice would conclude that Kunkle's sentence was imposed in violation of the United States Constitution, but would also deny relief on what seems to be a procedural technicality.

Although Justice Stevens believes that this Court's decision was properly based on Article 11.071, Section 5, I am far from convinced.

The language of Article 11.071 is clear: We may not reach the merits unless we find that the applicant has met the dictates of Section 5. But, according to the order issued by a majority of this Court November, 17, 2004, the majority reviewed Kunkle's claims in light of *Tennard* and *Smith*.[4] So, the Court must have reviewed the merits of the claim. And thus, the Supreme Court would be able to address whether this Court's decision comports with its decision in these cases.

The majority also claimed that Kunkle's application was dismissed because he had raised the claim before.[5] The majority of this Court concluded that Kunkle was not entitled to relief because he had raised the same claim in his prior writ. It is, appar-

ently, of no moment to the Supreme Court that under *Tennard v. Dretke*,[6] and *Smith v. Texas*,[7] this Court was clearly wrong in affirming Kunkle's death sentence. I think that Justice Stevens alludes to this when he says that it seems plain that Kunkle's sentence was imposed in violation of the Constitution.

This creates the absurd situation in which Kunkle is denied relief because his attorney was too conscientious, because he predicted that the United States Supreme Court would strike down the nexus requirement and not apply *Penry I*[8] as narrowly as the Fifth Circuit had.

Because Kunkle's attorney requested relief too soon, Kunkle will be executed, even though his sentence was obtained in violation of the United States Constitution. This policy seems contrary to the policy behind the general prohibition of subsequent writs: encourage defendants to bring their claims as soon as they are discovered or risk procedural default.

I cannot, in good conscience, join the Court in denying the relief to which Kunkle is entitled. I dissent.

---

**3.** *Id.*, slip op. at 1.

**4.** *See Ex parte Kunkle*, No. WR–20,574–04, slip op. at 2 (Tex.Crim.App. Nov. 17, 2004) (not designated for publication) (Per Curiam) (Price, Womack, Johnson, and Holcomb, JJ., would grant stay of execution).

**5.** *Ibid. See also, Ex parte Kunkle*, 852 S.W.2d 499 (Tex.Crim.App.1986), *cert. denied*, 492 U.S. 925, 109 S.Ct. 3259, 106 L.Ed.2d 604 (1989).

**6.** *Tennard v. Dretke*, —— U.S. ——, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004).

**7.** *Smith v. Texas*, —— U.S. ——, 125 S.Ct. 400, 160 L.Ed.2d 303 (2004).

**8.** *Penry v. Lynaugh*, 492 U.S. 302, 328, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).