227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

December 8, 2015

FILED IN COURT OF APPEALS
12th Court of Appeals District

DEC 16 2015

TYLER TEXAS
PAM ESTES, CLERK

Clerk
Twelfth Court of Appeals
1517 West Front Street
Suite 354
Tyler, TX 75702

Re: In re Juan Enriquez, No. 12-15-00306-CV
Original Petition for Writ of Mandamus
Trial Court Case No. 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,
Enriquez v. Livingston, et al., 369th
District Court, Anderson County, Texas

Dear Sir or Madam:

Enclosed for filing is my:

1. Original Petition for Writ of Mandamus
2. Unsworn Declaration of Inability to Pay
3. Motion to Proceed Without the Record

Thank you for your time and your assistance in this matter is appreciated.

Very truly yours,

Juan Enriquez

Enclosures (3 instruments)
cc: Honorable Bascom W. Bentley, III
Judge, 369th District Court

Brianna Webb
Assistant Attorney General

IN THE COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

FILED IN COURT OF APPEALS
12th Court of Appeals District

DEC 16 2015
e/km

TYLER TEXAS
PAM ESTES, CLERK

=========================

No. 12-15-00306-CV

=========================

In re JUAN ENRIQUEZ, Relator

---------------------------

Original Proceeding from Anderson County, Texas
369th Judicial District, No. 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
Honorable Bascom W. Bentley, III, Presiding

---------------------------

ORIGINAL PETITION FOR WRIT OF MANDAMUS

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

(a) Identity of Parties & Counsel

Relator:

Juan Enriquez

Respondent:

Bascom W. Bentley, III

Counsel for Relator:

Pro Se
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

Counsel for Respondent:

Hon. Ken Paxton Jr.
Texas Attorney General
P. O. Box 12548
Austin, TX 78711

(b) TABLE OF CONTENTS

(a)   IDENTITY OF PARTIES AND COUNSEL ....................... i
(b)   TABLE OF CONTENTS ...................................... ii
(c)   INDEX OF AUTHORITIES .................................. iii
(d)   STATEMENT OF THE CASE ................................. 1
(e)   STATEMENT OF JURISDICTION ............................. 2
(f)   ISSUE PRESENTED ...................................... 2
(g)   STATEMENT OF FACTS ................................... 3
(h)   ARGUMENT ............................................. 5

      1.   Abuse of Discretion ............................ 5

           Failure to Rule ............................... 5
           Properly Presented ............................ 6
           Unreasonable Time ............................. 7
      2.   Demand Prior to Mandamus ....................... 8
      3.   No Other Adequate Remedy ....................... 8

(i)   PRAYER ............................................... 8
(j)   CERTIFICATION ........................................ 9
      Verification ......................................... 9
      Certificate of Service ............................... 9
(k)   APPENDICES ........................................... 10

      APPENDIX A:   Motion for Nunc Pro Tunc Corrected Order
      APPENDIX B:   Demand Prior to Mandamus

(c) INDEX OF AUTHORITIES

CASES:                                                        PAGE:


Amir-Shariff, In re,
     357 S.W.3d  180 (Tex.App. -- Dallas 2012) ........... 5
Davidson, In re,
     153 S.W.3d 450 (Tex.App. -- Amarillo 2004) .......... 5
Lawson, In re,
     357 S.W.3d 134 (Tex.App. -- San Antonio 2011) ....... 5
Lynd, In re,
     195 S.W.3d 682 (Tex. 2006) ......................... 7
Prudential Ins. Co. of Am., In re,
     148 S.W.3d 121 (Tex. 2004) ......................... 5
Safety-Kleer Corp. v. Garcia,
     945 S.W.2d 266 (Tex.App. -- San Antonio 1997) ....... 5




RULES, STATUTES, AND SECTIONS:


Rule 52, Tex.R.App.P. ..................................... 1,2


Rule 306a, Tex.R.Civ.P. ................................... 1,2,6

IN THE COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS
============================

No. _____

============================

In re JUAN ENRIQUEZ, Relator

============================
Original Proceeding from Anderson County, Texas
369th Judicial District, No. 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
Honorable Bascom W. Bentley, III, Presiding
============================

ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Relator, pursuant to Rule 52, et seq., Texas Rules of Appellate Procedure (Tex.R.App.p.), seeks mandamus relief to compel Respondent, Bascom W. Bentley, III, Judge, 369th District Court, Anderson County, Texas, to rule on Relator's pending Plaintiff's Motion to Vacate and Correct Judgment and Plaintiff's Motion for nunc Pro Tunc Corrected Order, averring as grounds the following:

(d) STATEMENT OF THE CASE

Relator seeks an evidentiary hearing and a ruling on his motion to vacate and correct judgment and on his motion for nunc pro tunc corrected order which requests, pursuant to Rule 306a, Sections 1 thru 7, Texas Rules of Civil Procedure (Tex.R.Civ.P.), an evidentiary hearing to establish the date

on which Relator first received notice or acquired knowledge of the judgment entered in the underlying case on April 22, 2015.

The Respondent is the Honorable Bascom W. Bentley, III, Judge, 369th District Court, Anderson County, Texas. The real party in interest is Brad Livingston, Executive Director of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID), whom Relator claims ignored his complaints of denial of dental treatment which caused him needless pain and suffering and loss of teeth.

Relator seeks an evidentiary hearing and ruling on his pending motions as required by Rule 306a, §§ 1-7, Tex.R.Civ.P.

### (e) STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to Rule 52, et seq., Texas Rules of Appellate Procedure (Tex.R.App.P.).

### (f) ISSUE PRESENTED

The issue presented is whether Respondent is abusing his discretion by refusing or failing to act on Relator's pending motion to vacate and correct judgment and pending motion for nunc pro tunc corrected order which were filed July 16, 2015, and September 21, 2015, respectfully under the mailbox rule by placing same in the institutional mail system.

## (g) STATEMENT OF FACTS

Respondent entered judgment or dismissal order on April 22, 2015. However, the district clerk did not mail the judgment to Relator until July 1, 2015.

The motion to vacate judgment was filed on July 16, 2015, via the mailbox filing rule and received in the district clerk's office on July 24, 2015. The motion informed the district court that its judgment or order of dismissal entered April 22, 2015, was not mailed to the Relator by the District Clerk of Anderson County until July 1, 2015, and not delivered to Relator by Defendant prison officials until mid-July of 2015. The motion is verified. [1]/

On September 21, 2015, Relator submitted his Plaintiff's Motion for Nunc Pro Tunc Corrected Order. APPENDIX B. He urged the Respondent to hold an evidentiary hearing because as a prisoner he does not have access to the mail records of the Michael Unit nor does he have access to the district clerk's records. Relator informed the Respondent he needed an evidentiary hearing where he can subpoena A. Cargill, Mailroom Supervisor, to testify when mail from the district clerk of Anderson County for Relator reached the Michael Unit from April 22, 2015, to July 16, 2015, and Janice Staples, District Clerk of Anderson

---

[1]/ The Court is requested to take judicial notice of its own records in No. 12-15-00225-CV, Juan Enriquez v. Rick Thaler, et al, which contains a copy of the Motion to Vacate and Correct Judgment certified by the District Clerk of Anderson County.

County, to testify when she mailed the order of dismissal to Relator.

The Respondent has refused or failed to act on the Relator's motion to vacate and correct judgment or to act on Relator's motion for nunc pro tunc corrected order.

The Relator has filed a Demand Prior to Mandamus demanding the Respondent act on Relator's motion for nunc pro tunc corrected order where Relator requests an evidentiary hearing to establish the date he received or acquired knowledge of the order of dismissal entered by Respondent on April 22, 2015. APPENDIX B. Respondent, however, has refused or failed to act on Relator's motion for nunc pro tunc corrected order.

## (h) ARGUMENT

"Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law." In re Lawson, 357 S.W.3d 134, 135 (Tex.App. -- San Antonio 2011) (citing In re Prudential Ins. Co. of Am., 148 S.W.3d 121, 135 (Tex. 2004)(Orig. proceeding).

### 1. Abuse of Discretion

"A trial court abuses its discretion when it fails to rule on pretrial motions that have been properly presented to it within a reasonable time." In re Amir-Shariff, 357 S.W.3d 180, 181 (Tex.App. -- Dallas 2012), citing In re Davidson, 153 S.W.3d 490-491 (Tex.App. -- Amarillo 2004, orig. proceeding); Safety-Kleer Corp. v. Garcia, 945 S.W.2d 266,269 (Tex.App. -- San Antonio 1997, orig. proceeding).

### Failure to Rule

Respondent has refused or failed to rule on the pending motion to vacate judgment filed on July 16, 2015, via the mailbox filing rule and received in the district clerk's office on July 24, 2015. Respondent has also failed or refused to rule on the pending motion for nunc pro tunc corrected order filed September 21, 2015. Respondent has also refused or failed to act on relator's supplement to motion for nunc pro tunc corrected order filed October 21, 2015. The failure or refusal of the Respondent to act for nearly five months on a matter that should have been resolved within days to allow Relator to appeal and to allow this court to execise its jurisdiction to hear Relator's appeal.

## Properly Presented

The Relator's motions sub judice were properly presented. The Order of Dismissal was signed April 22, 2015, but the district clerk did not mail the order to Relator until July 1, 2015, as reflected by the postmark on the envelope. The order did not arrive on the Michael Unit until somewhere between July 2 and July 22, 2015. The date when Relator received a copy of the motion is more than 20 days after it was signed but less than 90 days allowed by Rule 306(a), Tex.R.Civ.P., to restart the time periods set by paragraph (1) of said Rule.

Enriquez filed his verified motion to vacate and correct judgment on July 16, 2015, via the mailbox rule, which motion reached the district clerk's office on July 24, 2015, within ten days after it was mailed. Enriquez moved the court to vacate and correct its judgment or order of dismissal entered in this cause on April 22, 2015, but not mailed to the plaintiff by the District Clerk of Anderson County until July 1, 2015 [EXHIBIT A] and not delivered to him by Defendant prison officials until mid-july of 2015.

On September 21, 2015, Relator submitted his motion for nunc pro tunc corrected order, requesting an evidentiary hearing where he "can subpoena A. Cargill, mailroom supervisor, Michael Unit, to testify when mail from the district clerk for plaintiff reached the Michael Unit from April 22, 2015, to July 16, 2015, and Janice Staples, district clerk of Anderson County, to testify when she mailed the order of dismissal to plaintiff."

## Unreasonable Time

The motion to vacate and correct judgment has been pending over five months.  The motion requesting a nunc pro tunc entry and an evidentiary hearing to establish the date on which the Relator first received notice or acquired knowledge of the order of dismissal or judgment has been pending over three months.  In the meantime, the Court of Appeals has pending before it a Motion to Reinstate Appeal or for Rehearing or Reconsideration submitted october 5, 2015, and a supplement to that motion filed October 8, 2015 wherein he brought to the attention of the Court of Appeals the decision by the Supreme Court of Texas in In re Lynd Co., 195 S.W.3d 682 (Tex. 2006), where it was made clear that "[p]ost-judgment procedural timetables -- including the period of the trial court's plenary power -- run from the day a party receives notice of judgment, rather than the day judgment is signed, if the party: (1) complies with the sworn motion, notice and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed."  Lynd, supra, at 686.

Lynd holds that the trial court has jurisdiction for the specific purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment."  Id. at 686.  Under these circumstances the trial court's failure to hold an evidentiary hear for over five months since the motion to vacate and correct judgment was filed is an unreasonable time.

## 2. Demand Prior to Mandamus

Plaintiff filed a Demand prior to Mandamus to set for hearing plaintiff's motion for nunc pro tunc corrected order by October 10, 2015, or that Plaintiff would seek mandamus from the Twelfth Court of Appeals. The trial court has not set for hearing Plaintiff's request for evidentiary hearing to establish the date he received notice or acquired actual knowledge of the trial court's dismissal order or judgment of April 22, 2015.

## 3. No Other Adequate Remedy

The Relator has no other adequate remedy to compel the evidentiary hearing contemplated by Rule 306a, supra, to establish and determine the date on which he first received notice or acquired knowledge of the judgment or order of dismissal entered in this case on April 22, 2015, but which judgment or order was not mailed to him by the district clerk until July 1, 2015, as reflected on the postmark on the envelope in which the judgment or notice was mailed. This Court erroneously dismissed the appeal of the dismissal order or judgment sub judice on the mistaken notion that a copy of the motion to vacate judgment had not been provided to the court when in fact the motion to vacate judgment is part of the record on appeal. Thus, the remedy of appeal is not available to the Relator until he is able to have the evidentiary hearing contemplated by Rule 306a, supra.

### (i) Prayer

WHEREFORE, PREMISES CONSIDERED, Relator prays for the Court to issue the writ of mandamus directing the Honorable

Bascom W. Bentley, III, Judge, 369th District Court, set set for evidentiary hearing Relator's motion to vacate and correct judgment and motion for nunc pro tunc currected order to allow Relator to establish the date he received notice or acquired actual knowledge of the trial court's dismissal order of April 22, 2015.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

### (j) Certification

I, Juan Enriquez, certify that i have reviewed the petition for writ of mandamus and concluded that every factual statement in the petition is supported by competent evidence included in the Appendix or the record.

Juan Enriquez

### Verification

I, Juan Enriquez, declare under penalty of perjury, that the statements made in the foregoing Original Petition for Writ of Mandamus are true and correct. Executed on December 8, 2015.

Juan Enriquez

### Certificate of Service

I, Juan Enriquez, certify that the foregoing Original Petition for Writ of Mandamus was served by placing same in the United States mail, postage prepaid, on December 8, 2015, addressed to Bascom W. Bentley III, Judge, 369th District Court, 500 N. Church St., Palestine, TX 75801, and ~~Rick Thaler, Director TDCJ-CID, P. O. Box 99, Huntsville, TX 77340~~. Brienna Webb, assistant Attorney General, P. O. Box 12548, Ausnn, TX 78711.

Juan Enriquez

## APPENDIX A:

## Motion for Nunc pro Tunc Corrected Order

### Verification

I, Juan Enriquez, declare under penalty of perjury, that the Motion for Nunc Pro Tunc Corrected Order provided herein as Appendix A is a correct typed copy of the Motion for Nunc pro Tunc Corrected Order filed by me in No. 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, Enriquez v. Livingston, et al., 369th District Court, Anderson County, Texas. Executed on December 8, 2015.

Juan Enriquez

CAUSE NO. 369-5019

JUAN ENRIQUEZ,                          §        IN THE DISTRICT COURT
          Plaintiff,                    §
                                        §
                                        §
v.                                      §        369TH JUDICIAL DISTRICT
                                        §
BRAD LIVINGSTON, ET AL.,                §
          Defendants.                   §        ANDERSON COUNTY, TEXAS

<u>PLAINTIFF'S MOTION FOR NUNC PRO TUNC CORRECTED ORDER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Juan Enriquez, Plaintiff, pursuant to Rule 36a, Sections 1 thru 7, Texas Rules of Civil Procedure, moves the Court for a nunc pro tunc corrected Order of Dismissal, averring as grounds the following:

I.

The order of dismissal in this case was signed April 22, 2015. However, the district clerk did not mail the order to Plaintiff until July 1, 2015, as reflected by the postmark on the envelope. This order did not arrive on the Michael Unit until somewhere between July 2, and July 22, 3025. Prison records will reflect the exact date.

II.

The date when Plaintiff received a copy of the judgment is more than 20 days it was signed.

III.

The district clerk's civil docket does not reflect when the order was mailed to Plaintiff. Also, the plaintiff as a prisoner does not have access to the mail records of the Michael Unit, Texas Department of Criminal Justice -- Correctional

Institutions Division (TDCJ_CID). Plaintiff, thus, needs an evidentiary hearing where he can subpoena A. Cargill, mailroom supervisor, Michael Unit,to testify when mail from the district clerk for plaintiff reached the Michael Unit from April 22, 2015, to July 16, 2015, and Janice Staples, district clerk of Anderson County, to testify when she mailed the order of dismissal to plaintiff.

IV.

Rule 306a, supra, sections 4 through 6 provide:

4. No notice of judgment. If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney recieved such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgmetn or other appealable order was signed.

5. Motion, notice and hearing. In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

6. Nunc pro tunc order. When a corrected judgment has been signed after ex;iration of the court's plenary power pursuant to Rule 316, the periods mentioned in paragraph 910 of this rule shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original document.

v.

A copy of the July1, 2015, postmarked envelope from the district clerk was provided as EXHIBIT A to Plaintiff's petition for mandamus filed September 14, 2015, by mailbox rule filing.

## VI.

Plaintiff did not receive notice of the April 22, 2015, signing until after July 1, 2015, nor did he acquire actual knowledge of the signing until after July 1, 2015.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this motion be granted and that the motion be set for evidentiary hearing at an early a time and date as is consistent with the business of the court.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

### Certificate of Service

I, Juan Enriquez, certify that a correct copy of the above motion was served by placing same in the United States mail, postage prepaid, on September 21, 2015, addressed to Ken Paxton, Attorney General of Texas, P. O. Box 12548, Austin, TX 78711.

Juan Enriquez

**APPENDIX B:**

**Demand Prior to Mandamus**

Verification

I, Juan Enriquez, declare under penalty of perjury, that the Demand Prior to Mandamus provided herein as Appendix B is a correct typed copy of the Demand Prior to Mandamus filed by me in No. 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, Enriquez v. Livingston, 369th District Court, Anderson County, Texas. Executed on December 8, 2015.

Juan Enriquez

CAUSE NO. 369-5019

JUAN ENRIQUEZ,                    §
          Plaintiff,              §        IN THE DISTRICT COURT
                                  §
v.                                §        369TH JUDICIAL DISTRICT
                                  §
BRAD LIVINGSTON, ET AL.,          §
          Defendants.             §        ANDERSON COUNTY, TEXAS

PLAINTIFF'S DEMAND PRIOR TO MANDAMUS

TO THE HONORABLE BASCOM W. BENTLEY III,
JUDGE, 369TH JUDICIAL DISTRICT:

Juan Enriqeuz, Plaintiff, hereby demands that you act, set for hearing, and rule on Plaintiff's pending Motion for Nunc pro Tunc Corrected Order served on you by mail on September 21, 2015. Should you not set the motion for nunc pro tunc corrected order by October 10, 2015, I shall seek mandamus from the Twelfth Court of Appeals.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

Certificate of Service

I, Juan Enriquez, certify that a correct copy of the foregoing demand was served by placing same in the United States mail, postage prepaid, on September 30, 2015, addressed to Bascom W. Bentley, III, Judge, 369th District Court, 500 N. Church Stret, Palestine, TX 75801, and Ken Paxton, Attorney General of Texas, P. O. Box 12548, Austin, TX 78711.

Juan Enriquez

Mailbox Rule Filing Verification

I, Juan Enriquez, declare under penalty of perjury, that the foregoing demand was filed September 30, 2015, by placing same in the Institutional Mail System, first class mail, postage prepaid, addressed to Clerk, 12th Court of Appeals,1517 W.Front St., Suite 354, Tyler, TX 75702. Executed on September 30, 2015.

Juan Enriquez