

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00472-CV

**WELLS FARGO BANK, N.A.**,
Appellant

v.

Robert D. **RUBALCABA**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI14035
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: October 16, 2024

DISMISSED FOR WANT OF JURISDICTION

Appellant Wells Fargo Bank, N.A. sued Appellee Robert D. Rubalcaba for damages related to an overdue credit card bill. After Rubalcaba did not respond to Wells Fargo's petition, Wells Fargo moved for a default judgment. The trial court signed the default judgment on March 15, 2024, but it reduced Wells Fargo's requested damages by approximately $8,000. On April 1, 2024, the trial court mailed notice of its default judgment to Rubalcaba.

On May 2, 2024, Wells Fargo filed an untimely[1] motion to reconsider, and in the alternative, a motion for new trial. It asked the trial court to award its total requested damages of $16,437.52 or set aside the judgment, which awarded damages of $8,218.76, and grant a new trial.

Because Wells Fargo's notice of appeal appeared to be untimely[2], we ordered it to show cause why this appeal should not be dismissed for want of jurisdiction.

Wells Fargo responded that it had no knowledge or notice of the trial court's signed order until April 22, 2024. It cites *In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex. 2006) (orig. proceeding) as authority for this court to (1) "imply from the Record especially the supplemental sworn affidavit that was filed with the district court" a finding that Wells Fargo had no notice or knowledge of its March 15, 2024 judgment until April 22, 2024, (2) restart the period to file postjudgment motions, and (3) conclude that its notice of appeal was timely filed.

But *In re Lynd Co.* is readily distinguishable. There, the relator followed Rule 306a(5) and got a hearing on its Rule 306a motion in the trial court. *See id.* at 684. Here, Wells Fargo's motion to reconsider was filed in the trial court within Rule 306a(4)'s window, but it did not seek to invoke Rule 306a. *See* TEX. R. APP. P. 306a (allowing the beginning of a period to be reset). Specifically, it was not sworn, it did not assert that Wells Fargo had not received timely notice of the default judgment, and it did not ask to restart the period to file a notice of appeal. *See* TEX. R. CIV. P. 306a(4), (5). Further, its attorney's affidavit, which Wells Fargo asks us to rely on, was not filed

---

[1] A motion to reconsider was due on April 15, 2024. *See* TEX. R. CIV. P. 329b(a); *Moritz v. Preiss*, 121 S.W.3d 715, 719 (Tex. 2003). Wells Fargo filed its motion on May 2, 2024, and the clerk's record shows a hearing on its motion was set for May 29, 2024. Wells Fargo asserts the trial court held the hearing and ruled on its motion on May 29, 2024, but there is no corresponding order in the clerk's record or entry in the case summary to show the trial court ruled on Wells Fargo's motion. Even if the trial court had ruled on Wells Fargo's untimely motion to reconsider, its order signed after its plenary power had expired would have been void. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding).

[2] A notice of appeal was due on April 15, 2024. *See* TEX. R. APP. P. 26.1; *Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 359 (Tex. 2021). A motion for extension of time to file the notice of appeal was due on April 30, 2024. *See* TEX. R. APP. P. 26.3; *Hone v. Hanafin*, 104 S.W.3d 884, 885–86 (Tex. 2003) (per curiam). In its response to our show cause order, Wells Fargo attached an affidavit stating that it filed a notice of appeal on May 30, 2024, but the clerk's office improperly rejected it. The clerk's office eventually accepted it on July 12, 2024.

in the trial court until September 13, 2024, months after it was due. *See In re Lynd Co.*, 195 S.W.3d at 685 ("The motion must be filed before the trial court's plenary power—measured from the date of notice established under Rule 306a(4)—expires.").

Wells Fargo did not seek relief in the trial court under Rule 306a, and *In re Lynd Co.* does not allow us to retroactively invoke the rule and grant it the relief it now seeks. *See In re Lynd Co.*, 195 S.W.3d at 685. We therefore deny Wells Fargo's request for this court to apply Rule 306a.

As required by the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure, we dismiss this appeal for want of jurisdiction.

PER CURIAM