**Petition for Mandamus Denied and Memorandum Opinion filed February 24, 2026**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00151-CV

## IN RE TEXAS ALCOHOLIC BEVERAGE COMMISSION

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2023-07113**

## MEMORANDUM OPINION

The question here is whether information that the Texas Alcoholic Beverage Commission ("TABC") acquires while investigating an alcohol-related fatal car crash is discoverable. The trial court ordered TABC to disclose information specifically about one incident, but denied production of documents about the agency's general investigatory policies and procedures. For the following reasons, we deny mandamus relief.

# BACKGROUND

On November 15, 2022, Niguel Hayward died in a head-on collision with Eduardo Moreno after Moreno allegedly consumed alcoholic beverages at Sandbaggers Pub and Molly's Pub. After the crash, TABC peace officers conducted an investigation of both establishments under its TRACE program ("Target Responsibility for Alcohol-Connected Emergencies") to determine the source of any alcohol and whether it may have been served irresponsibly.[1]

Real parties in interest Ashlie Dominguez, Orlando Hayward, and Reyna Hayward, individually and as the representatives of Hayward's estate, sued both establishments. On May 6, 2024, the Plaintiffs served TABC with a deposition on written questions and a subpoena duces tecum seeking documents regarding the TRACE investigation and TABC's policies and procedures governing them. TABC objected by email, and later in its response to the Plaintiffs' motion to compel, that the documents requested were "confidential or protected by law under Section 5.48 of the Texas Alcoholic Beverage Code and/or Section 30.006(c) of the Texas Civil Practice & Remedies Code" and that the requests were "overly broad and unduly burdensome." The district court granted the Plaintiffs' motion in part, ordering TABC to produce all TRACE documents specifically relating to the two pubs during a limited time period that included the incident "as long as there is not an open prosecution of Defendant Moreno." But the court denied Plaintiff's motion to compel production of TABC's policies, procedures, checklists, training manuals, or other documents relating to TRACE investigations generally.

TABC filed a petition for writ of mandamus and a motion to stay the district court's order. We requested responses to the mandamus petition and motion to stay, neither of which the Plaintiffs have filed to date. But we granted the stay to preserve

---

[1] *See* TEX. ALCO. BEV. CODE § 5.36.

our jurisdiction, and now issue this opinion without oral argument.[2]

# DISCUSSION

"Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy."[3] Only the first requirement is at issue here, as it is well-settled that "when the trial court orders production of privileged information, the party claiming the privilege has no adequate appellate remedy."[4]

In accordance with the general standards, absent any findings of fact and conclusions of law we imply all findings and conclusions necessary to support the trial court's judgment if they are supported by the record.[5] This rule applies in mandamus proceedings too.[6] Because Rule 52.4 provides that a response to a petition "is not mandatory," the Plaintiffs' failure to file a response brief after we requested it "does not act as a default on factual or legal issues on mandamus petitions."[7]

Here, TABC asserted privilege under two statutes:

- Section 5.48 of the Texas Alcoholic Beverage Code provides: "The private records of a permittee, licensee, or other person that are required

---

[2] *See* TEX. R. APP. P. 52.8(a), (b).

[3] *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024).

[4] *In re Silver*, 540 S.W.3d 530, 538 (Tex. 2018).

[5] *See Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009); *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003).

[6] *See, e.g., In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex. 2006); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (per curiam) (holding that findings should be implied in favor of an order modifying child support). The rule is otherwise if the order was expressly based on a legal error. *See In re Ayad*, 655 S.W.3d 285, 289 n.3 (Tex. 2022) ("Because the order was expressly based on a legal error, we do not imply that the trial court made findings in support of its order on these issues.").

[7] *In re Freidman*, 2025 WL 2087209, at *2 (Tex. App.—Austin July 25, 2025, orig. proceeding).

3

or obtained by [TABC] or its agents, in connection with an investigation or otherwise, *are privileged unless introduced in* evidence in a hearing before the commission or before a court in this state or the United States."[8] Subsection (a) of that statute defines "private records" as "all records of a permittee, licensee, or other person other than the name, proposed location, and type of permit or license sought in an application for an original or renewal permit or license, or in a periodic report relating to the importation, distribution, or sale of alcoholic beverages required by the commission to be regularly filed by a permittee or licensee."[9]

- Section 30.006 of the Texas Civil Practice and Remedies Code provides in subsection (c) that "a court in a civil action *may not* order discovery from a nonparty law enforcement agency" if "the release of the information ... would interfere with the detection, investigation, or prosecution of criminal acts."[10] But subsection (d) of that statute provides that "the court *may* order discovery from a nonparty law enforcement agency … if the court determines, after in camera inspection, that (1) the discovery sought is relevant; and (2) there is a specific need for the discovery."[11]

Although TABC raised both statutes in the trial court, the trial court did not indicate which statute it applied, and TABC's petition is based entirely on § 5.48. Normally, an alternative ground supporting a trial court order that it is not addressed would require us to affirm.[12] But TABC's argument that § 5.48 is a mandatory

---

[8]     Tex. Alco. Bev. Code § 5.48(b) (emphasis added).

[9]     *Id.* § 5.48(a).

[10]     Tex. Civ. Prac. & Rem. Code § 30.006(c) (emphasis added).

[11]     *Id.* § 30.006(d) (emphasis added).

[12]     *See, e.g., Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) ("When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. The appellate court must affirm the summary judgment if any one of the movant's theories has merit." (internal citations omitted)); *Woolfolk v. Devore*, 2022 WL 1420528, at *2 (Tex. App.—Fort Worth May 5, 2022, no pet.) ("When the trial court's judgment can rest upon more than one independent ground, the complaining party must assign error to each ground, or the judgment will be affirmed on the ground against which no complaint is made.").

blanket bar to production, if charitably construed, impliedly argues that § 5.48 overrules any other rule, including § 30.006.[13] We disagree.

First, § 5.48 applies only to "private records," a term defined in the statute to mean "all records *of a permittee, licensee, or other person*" other than administrative data like applications for a license, name and location of the licensee, and periodic reports required by the agency.[14] TRACE investigative reports are records of the *agency*, not of a "permittee, licensee, or other person." Whether § 5.48 even applies to TRACE reports is a matter of first impression, as no court opinion has ever addressed the statute since it was adopted in 1937.[15] Perhaps, 88 years ago, the Legislature intended for § 5.48 to apply to all agency records, but that is not what the text actually says. As a textual matter, § 5.48 does not appear to be broad enough to apply here.

Second, while both statutes would apply to production of some TABC documents—and thus may arguably conflict—it is "our duty to harmonize statutes" if possible.[16] Here, § 5.48 provides that TABC records "are privileged *unless introduced in evidence* in a hearing before the commission or before a court in this state or the United States."[17] Since TABC alone has custody of its TRACE investigations, § 5.48 appears to contemplate instances in which TABC actively participates as a party in administrative or judicial proceedings and either voluntarily introduces the records or is ordered to do so. By contrast, § 30.006(d) expressly states that it "does not apply to an action in which a law enforcement agency is a

---

13      *See Bertucci v. Watkins*, 709 S.W.3d 534, 541–42 (Tex. 2025) ("Courts should hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits." (internal citations omitted)).

14      TEX. ALCO. BEV. CODE § 5.48(a) (emphasis added).

15      *See* Act of June 8, 1937, 45th Leg., R.S., ch. 448, 1937 TEX. GEN. LAWS 1053, 1063.

16      *Paxton v. Annunciation House, Inc.*, 719 S.W.3d 555, 578 (Tex. 2025).

17      TEX. ALCO. BEV. CODE § 5.48(b) (emphasis added).

party." Since TABC is not a party here, § 30.006 would appear to apply.

Finally, even if we were to hold that the two statutes conflict, we would reach the same result. It is hard to say which of these statutes is the general one and which is the more specific. Section 5.48 is more specific with regard to *whose* documents are privileged since it applies only to the TABC, while § 30.006 applies to all law enforcement agencies. But § 30.006 is far more specific with respect to *which* documents are privileged since it limits the privilege to information that could interfere with criminal prosecutions and at the same time provides an exception in case of "specific need for the discovery"; by contrast, TABC argues that § 5.48 gives it an absolute privilege to produce nothing at all. Since § 30.006 is the much more recent enactment and manifestly intended to apply to all law enforcement agencies, to the extent of any conflict we would apply that statute.[18] Because TABC does not address § 30.006(d) in its petition or support it with documents material to that issue, we deny the requested relief.

## CONCLUSION

We do not hold as a matter of law that § 5.48 never applies unless TABC appears as a party. But in the circumstances here—where another statute *does* apply and TABC's petition does not address it—we hold that the trial court did not clearly abuse its discretion by complying with the in camera inspection required by § 30.006 and the limited order to compel stated in its order. We thus deny TABC's petition.

---

[18] TEX. GOV'T CODE § 311.026(a)–(b) ("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both. If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.").

/s/ Scott A. Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.